## HUDSON · v. THE STATE.

Grand jurors may be challenged by any person previously to his being indict-ed, provided he be at the time under a prosecution for an offence about to be submitted to the jury.

The conclusion—"contrary to law"—of an indictment for murder, is suffi-cient.

If the cause of challenge to a juror tend to his infamy, he cannot be examin-ed on oath respecting it. The challenge must be supported by extrinsic proof.

An indictment for murder contained two counts; the first charging the priso-ner with killing a man by shooting him; the second, by assisting another in stabbing him: *Held*, that on proof of either of the charges, there might be a general verdict of guilty.

By statute the names of eighteen men must be drawn from the box to be sum-moned as grand jurors. The jury however when convened, may consist of any smaller number not less than twelve.

The record did not contain the form of the oath taken by the grand jury, nor of that taken by the officer attendant on the petit jury; but only stated that they had been sworn: *Held*, that in the absence of any contrary proof, the legal oaths must be presumed to have been administered.

The record did not state that the petit jury had been returned by virtue of a venire. The statement was, "whereupon came the jurors of the jury, to wit, &c. twelve good, &c. lawful men, &c. who were elected, tried, and sworn, &c." *Held*, that this was sufficient from which to presume that the jury had been returned according to law. *Held*, also, that the objection, being first made in this Court, came too late.

If the record state the jurors to be householders of the county, their residence therein will be presumed.

ERROR to the *Madison* Circuit Court.

BLACKFORD, J.—This was an indictment for the murder of an Indian. Plea, not guilty. Verdict of guilty; upon which, judgment of death was rendered against the defendant in the Circuit Court. To reverse this judgment is the object of the present writ of error.

The first error assigned is, that the defendant was refused the privilege of challenging the grand jury.—This objection rests on the following facts: Upon the calling of the grand jury, a

Nov. Term,
1824.

HUDSON
v.
THE STATE.

gentleman of the bar informed the Court that he was of counsel for *Hudson*, who was in custody of the sheriff, and who had been indicted at the then last term, which indictment was still pending; that *Hudson* was in custody upon that indictment; and that the jury were about to investigate his conduct, touching a certain murder lately committed in the county. He offered to prove that the clerk, when issuing the venire, said he would select for grand jurors such men as were disqualified to serve as traverse jurors on the trial of the defendant upon said indictment, and that the clerk did make such selection. The counsel aforesaid also offered to prove, that the panel of grand jurors was not selected by the board of commissioners. The question made in the Court below upon these facts was, had *Hudson* a right to challenge the jury? The law on this subject, as laid down in Hawk. 215, is, that any one under a prosecution for a crime, may, before he is indicted, challenge any of the persons returned on the grand jury. It must be observed, that according to the law as stated in Hawkins, this privilege of challenging grand jurymen is very properly limited to persons who are, at the time, under a prosecution for an offence about to be submitted to the consideration of the jury. Now there is certainly nothing in the above statement of facts, going to show that there was even an allegation by his counsel, that *Hudson* was under any such prosecution. That he had been indicted and was in custody of the sheriff—that he was in custody upon that indictment—that the jury were about to investigate his conduct relative to a murder lately committed—are no kind of evidence that he was, at the time, *under a prosecution for a crime* of which the grand jury were about to take cognizance. We are therefore of opinion, that the Circuit Court was correct in its decision, that under the circumstances stated by his counsel, *Hudson* had no right by the law to the challenge which he claimed.

The second error assigned is, that the indictment in this case is defective, on account of its conclusion being "contrary to law," instead of being "contrary to the statute."—This same objection was made to the indictment in the case of *Fuller* v. *The State, July* term 1820 (1), and upon full deliberation was overruled by the Court. We have taken the present opportunity to review that opinion, and are entirely satisfied with its correctness, and with the reasons and authority upon which it is founded.

The third error assigned is, that on a challenge for cause,

the following question was proposed, on the part of *Hudson*, to be asked of one of the petit jurymen: "Do you not believe that the conviction and punishment of *Hudson* is necessary to secure yourself, your family, or the country, from the retaliatory vengeance and depredation of the Indians?" Which question was not permitted to be answered.—This part of the case presents a point of some difficulty to decide. That the belief mentioned in the question was a good cause of challenge, we have no doubt; for how can that man's mind be free from undue bias, who believes the conviction and punishment of the prisoner necessary, on a charge of murder, whether innocent or guilty? Such a belief is pretty conclusive evidence, not only of a prejudiced mind but of a corrupt heart. But the difficulty is this, shall an inquiry be permitted of a juror, the object of which is to compel him to testify to his own depravity? After much examination and reflection, we have come to the opinion that the Circuit Court was right in not allowing the question to be answered by the juryman himself. Extrinsic evidence, certainly, would have been admissible to prove the belief of the juror, that it was necessary to shed innocent blood; but we consider it contrary to established law, that he should himself be subject to such an inquiry, tending so directly to his own infamy. *King* v. *Edmonds*, 4 Barn. & Ald. 471 (2).

The fourth error assigned is, that the verdict is void for uncertainty.—This indictment contains two counts; one charging *Hudson* with shooting the Indian, the other with aiding and assisting another man in stabbing him. These two counts in law strictly contain but one charge against *Hudson*, and that is of murder by the infliction of a mortal wound. Evidence of the aid and assistance charged in the second count, is sufficient to support the charge of shooting set out in the first count; 1 Chitt. C. L. 260; and, *a fortiori*, evidence of the shooting alleged in the first count, will support the charge of aiding and assisting stated in the second count. Hence it follows, that if the defendant was, in fact, guilty of either of the charges in this indictment, he was guilty of murder by giving a mortal wound; and that is, in law, the only charge in the indictment. The general verdict of guilty was therefore correct, upon proof of either of the charges contained in the indictment.

Some objections of minor importance were made, upon the argument of this cause, for the plaintiff in error, which it may

be proper to notice before we conclude. It was said, that by our statute the grand jury must consist of eighteen men, whereas here there were but fourteen. There is nothing in this objection. By the statute, the names of eighteen men are to be drawn from the box for the purpose of their being summoned as grand jurors; but that is no reason that a grand inquest, when convened, may not legally consist of a smaller number—not less indeed than twelve, in accordance with the common law. It was said, that the judgment should be reversed, because the record does not contain the form of the oath administered to the grand jury, nor of that administered to the officer, to whose care the petit jury were entrusted on the adjournment of the Court from one day to another. These objections are without foundation. The record states, that the grand jury, and the officer attending on the petit jury, were sworn. This Court must presume, in the absence of any proof to the contrary, that the oaths administered were such as are required by the law. It was objected, that the record does not show that the petit jury were returned by virtue of a venire. The words of the record are, "whereupon came the jurors of the jury, to wit, &c. twelve good, &c. lawful men, &c., who were elected, tried, and sworn, &c." Here is sufficient shown in the record, by which to presume that the jury were returned according to law; and this presumption is confirmed by the fact, that no objection appears from the record to have been made, at the time, to the manner of their return. At all events, it is now too late first to take such an exception. It was said, that the record does not show that the jurors were inhabitants of the county. The record states them to have been householders of the county of *Madison*. These are the words of the statute respecting their qualification, and must be considered presumptive proof of residence; against which presumption, nothing appears in the record of the cause.

The Court has now examined this case with the attention its importance demands. The errors assigned in the record, and every point of any consequence contended for in the argument for the plaintiff in error, have been particularly noticed. The opinion of this Court is unanimous, that there is no error in the proceedings, as exhibited to us by the record of the cause; and that the judgment of the Circuit Court must therefore be affirmed.

*Per Curiam.*—The judgment is affirmed.

*Ray* and *Fletcher*, for the plaintiff.

*Moore,* for the state.

(1) Ante, p. 63.

(2) In criminal cases, the defendant or the Court may require a juror to answer on oath, whether he has formed or expressed an opinion relative to the defendant's guilt or innocence. Stat. 1823, p. 59.