Ross
v.
The State.

## Ross *v.* The State.

> An individual under a prosecution for a crime, has a right to challenge any of the grand jurors, by whom the charge is about to be examined. But the privilege must be claimed by the accused himself or by his counsel.
>
> An indictment for larceny is not supported by evidence, that the defendant had received or purchased the goods knowing them to be stolen; although, by statute, the punishment for the offence proved be the same with that charged.

*Friday, November* 18.

ERROR to the *Marion* Circuit Court.

HOLMAN, J.—*Ross* and *Harper* were confined in the gaol of *Marion* county on a charge of larceny. A called session of the Circuit Court for said county was held for their trial, and an indictment for larceny was found against them. *Harper* made his escape, and *Ross* was found guilty, and sentenced to pay a fine of one dollar, and to be confined in the state's prison for one year. It appears, by a bill of exceptions, that when the grand jury were impannelled and about to be sworn, Mr. *Wick*, one of the members of the bar practising in that Court, moved the Court, in behalf of said *Ross*, that he might be brought into Court for the purpose of challenging the grand jury. The motion was overruled. In the case of *Hudson* v. *The State*, *Nov.* term, 1824 (1), we recognized the law as laid down in Hawk. 215—that an individual under a prosecution for a crime, about to be laid before the grand jury, has a right, before he is indicted, to challenge any of the persons returned as grand jurors. But this right of challenge should be claimed either by the accused himself, or his counsel. In this case it cannot be said that he claimed this privilege. The motion was made on his behalf by a practising attorney of the Court, but it does not appear to have been at his instance, or with his knowledge or consent. The record does not, therefore, make out a case that comes conclusively within the rule of law.

It also appears, by a bill of exceptions, that the accused, by his counsel, moved the Court to instruct the jury, that although they might believe that he received or purchased the goods, knowing them to be stolen, they ought not to convict him, unless they found that he had some hand in stealing them. This in-

struction the Court refused to give, but instructed the jury, that if they found that the accused received or purchased the goods, knowing them to be stolen in another county in this state, and afterwards brought them into this county and offered them for sale, or received them in this county and took them to market, knowing them to be stolen in another, they ought to convict him. This instruction seems to consider that the receiving of stolen goods, knowing them to be stolen, is either an actual or a constructive stealing. The indictment is for stealing the goods; and the question is, does proof of receiving them, knowing them to be stolen, support the charge? We are of opinion that such proof does not show either an actual or a constructive stealing. It is true, that the crime of receiving stolen goods, knowing them to be stolen, is, by our act of assembly, subject to the same punishment as the crime of stealing them (2); but this does not destroy the distinction between the two offences. At common law, the receiving of stolen goods, knowing them to be stolen, was not considered as a crime but a mere misdemeanor, and did not make the offender an accessory to the theft. 4 Bl. Com. 38, 132.—2 East's C. L. 743. Our act of assembly cannot be construed to extend further than to make the receiver an accessory after the fact, and not a principal in guilt, although punished as those who are principally guilty. A clear distinction is uniformly maintained between principal and accessory, and though in many cases they are subject to the same punishment, yet each is to be indicted for the offence of which he is guilty. 4 Bl. Com. 39.—2 East's C. L. 767, 8; and the cases of *Rex* v. *Dyer et al.* and *Rex* v. *Atwell et al.* there cited. It is also laid down in 4 Bl. Com. 40, that though a man be acquitted as accessory, he may be afterwards convicted as principal; or acquitted as principal, he may be afterwards convicted as accessory. We therefore conclude that the instruction of the Circuit Court was incorrect.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue are set aside. Cause remanded, &c.

*Wick,* for the plaintiff.

*Fletcher,* for the state.

(1) Ante, p. 317.

(2) Stat. 1823, pp. 139, 140.