[See Case No. 16,679.]

## Case No. 16,679.

### UNITED STATES v. WHITE.

[5 Cranch, C. C. 457.][1]

Circuit Court, District of Columbia. March Term, 1838.

INDICTMENT — PLEA IN ABATEMENT — MISCONDUCT OF GRAND JURORS — EXAMINATION OF WITNESSES — EVIDENCE AT FORMER TRIAL — DECEASED WITNESS.

1. That one of the grand jurors, who found the indictment, had previously expressed an opinion that the defendant was guilty of the offence, is no ground for a plea in abatement of the indictment.

[Cited in Lascelles v. State, 90 Ga. 347, 16 S. E. 949. Quoted in State v. Easter, 30 Ohio St. 545. Cited in State v. Hamlin, 47 Conn. 112.]

2. Exceptions to grand jurors for favor, are only cause for challenge before they are sworn, or before indictment found, not for a plea in abatement.

[Distinguished in U. S. v. Hammond, Case No. 15,294.]

[Cited in Patrick v. State, 16 Neb. 330, 20 N. W. 121; State v. Hamlin, 47 Conn. 112.]

3. The court will not permit questions to be put to a witness tending to disgrace him, and which he is not bound to answer.

4. What a deceased witness testified at a former trial of the same cause may be substantially proved. It is not necessary to prove the very words of the deceased witness.

[Cited in Brown v. Com., 73 Pa. St. 326.]

5. The court will not permit a witness who was a juror on the former trial to testify what was said by witnesses at that trial in relation to the general reputation of a witness as to veracity.

6. What a witness testified at a former trial may be given in evidence to discredit him by showing a contradiction between that and his present testimony, without having first asked the witness whether he did not testify to that effect.

The defendant [Richard H. White] was indicted for burning the treasury building of the United States. [See Case No. 16,675.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

A former indictment against the defendant, for the same offence, having been quashed upon demurrer at the last term, because it appeared, upon the record, that the offence was committed more than two years before the indictment was found [see Cases Nos. 16,-677 and 16,678]; the grand jury found another indictment against him, charging the burning, as before, and that he fled from justice. Upon this indictment, he pleaded "not guilty," at the last term. He now came in proper person and offered a plea in abatement that Joseph Forrest, one of the grand jurors who found the bill, had previously expressed an opinion that the defendant was guilty of the offence charged in the indictment.

Mr. Key, U. S. Atty., objected to filing the plea, because the defendant had already pleaded the general issue, and because the matter pleaded is no ground for plea. The offence charged being a misdemeanor, the defendant cannot plead both in bar and abatement at the same time, as he might in felony.

R. J. Brent, for defendant, cited the following authorities: Burr's Trial [Case No. 14,694]; State v. Rockafellow, 1 Hals. [6 N. J. Law] 332 (which was a plea in abatement because one of the grand jurors was not a freeholder); 1 Chit. Cr. Law, 308, 309; 11 Hen. IV. c. 9; 2 Vin. Abr. 270, "Trial," H, d, 3; Co. Litt. 155; 2 Tyler, 273, 473; 2 Hale, Hist. P. C. 155, 167; 2 Hawk. P. C. c. 25, §§ 26–28; 3 Inst. 32–34. Burr's Case is decisive that it is a good cause of challenge. It is not too late for the defendant to take advantage of it. The plea itself shows why it was not urged as a challenge before indictment found. The defendant is not to be presumed to know that the grand jury are acting upon his case. He may not have been taken; and is generally absent when the indictment is found. 1 Chit. 308, 309.

Mr. Key, in reply. The case in Halstead's Reports [6 N. J. Law] is under a statute of New Jersey, which makes all indictments void if any one of the grand jurors is not a freeholder. Every challenge to a grand juror for favor must be before indictment found. 2 Hawk. P. C. c. 25, §§ 16, 18, 23. By the Maryland act of February, 1777, c. 15, § 10, the want of freehold is no cause of challenge. No challenge can be taken after verdict. 1 Leach, Crown Cas. 119, Case 58; Gord. Dig. 752, note; Burr's Trial [Case No. 14,694n]; U. S. v. Fries [Case No. 15,126]. The cases cited on the other side are cases in which the exception was a general disqualification of the person as a juror; not a particular exception for favor in an individual case. There is no case of challenge of a grand juror for favor after indictment found, and especially after general issue joined.

THE COURT (THRUSTON, Circuit Judge, absent) refused to receive the plea, and said: The authorities which have been cited refer to those legal disqualifications which render the juror incompetent, in law, to act as a grand juror in any case; and not to objections

which go only to the favor in some particular case. No exception for favor can be taken to a petit juror after he has been sworn; nor has any case been cited, in which an exception to one of the grand jurors, for favor, has been pleaded. The books cited show that challenges to grand jurors must be taken before they are sworn; or before the indictment is found. Exceptions for favor are causes of challenge only, and not grounds for a plea. It is also an objection to this plea, that it does not, like the plea cited in Halstead's Reports [6 N. J. Law], state what number of the grand jurors found the indictment to be a true bill; and that Mr. Forrest, (the juror referred to in the plea,) was one of that number, and that without his vote the indictment could not have been found. The objection to the juror in that case was a general disqualification to act as a grand juror; and not an exception for favor, which was only a disqualification to act in the particular charge against the defendant. We think that an exception for favor, which would be a good cause of challenge, cannot be pleaded to the indictment.

After the jury was sworn, W. L. Brent, for defendant, requested the court to order several of the witnesses to be kept out of court, and to be kept separate from each other during the examination of the respective witnesses. on the part of the United States.

THE COURT ordered the marshal to keep them out of court; but refused to order them to be kept separate from each other.

In cross-examination·of William Hicks, a witness on the part of the United States, a question was proposed to be asked whether he was concerned with a certain man in counterfeiting money.

THE COURT said they had decided, in some case, the name of which was not recollected, that no question should be put to a witness, tending to disgrace him, and which he would not be bound to answer; and said they had, upon that point, considered the following authorities: Starkie, Ev. pt. 2, pp. 138, 144, et seq.; Harris v. Tippett, and Rex v. Yewin, 2 Campb. 638; Rex v. Watson. 2 Starkie, 116; People v. Herrick, 13 Johns. 82; Respublica v. Gibbs, 3 Yeates, 429; Bell's Case, 1 Browne [Pa.] 376; Stout v. Rassel, 2 Yeates, 334; Galbreath v. Eichelberger, 3 Yeates, 515; State v. Bailly, 1 Penn. [2 N. J. Law] 416e; Jackson v. Humphrey [1 Johns. 498]; 2 Penn. [3 N. J. Law] 728; Marbury v. Madison, 1 Cranch [5 U. S.] 144; Cooke's Case, 1 Salk. 153, 4 State Trials, 748; Torree v. Summers, 2 Nott & McC. 267; Cates v. Hardacre, 3 Taunt. 424.

Messrs. Brent & Brent, for defendant, wished to argue the point and to cite authorities.

But THE COURT (nem. con.) said they considered the point settled. and refused to hear argument or authorities upon it.

Mr. Key, for the United States, offered to prove what was testified at the former trial of this cause, by Mr. Howard, who is since dead, and cited 2 Russ. 683, and the cases there cited, and Cornell v. Green, 10 Serg. & R. 14; Bowie v. O'Neale, 5 Har. & J. 226; Wolf v. Wyeth, 11 Serg. & R. 149.

Mr. Brent, contra, cited Rosc. Cr. Ev. 50; Caton v. Lenox, 5 Rand. (Va.) 31.

THE COURT (nem. con.) permitted Mr. Key to prove substantially the testimony of Mr. Howard, and said it was not necessary to prove the very words of the witness.

Mr. Brent, for the defendant, then offered to prove, by a person who was one of the jurors at the former trial of this cause, the general reputation of Mrs. Baldwin for veracity, from the testimony given respecting her character on that trial.

Mr. Key objected.

THE COURT (THRUSTON, Circuit Judge, absent) rejected the evidence.

CRANCH, Chief Judge, said, that the juror could only know that such testimony was given, but could not be supposed to have thereby acquired a knowledge of her general reputation for veracity.

Mr. Key, without having asked Mrs. Greer, whether at the former trial she testified so and so, (according to notes of her testimony taken at the former trial,) offered to prove what she had so testified, in order to show a contradiction or discrepancy between that and her present testimony.

Mr. Brent objected that the United States could not regularly prove what she testified at the former trial, without first asking her whether she had so testified.

But THE COURT (CRANCH, Chief Judge, contra) overruled the objection, and permitted Mr. Key to give other testimony as to what she had testified. See Starkie, pt. 4, pp. 1753–1756.

The cause was argued to the jury by Mr. Key for the United States, and the Messrs. Brent for the defendants, from the 8th to the 13th of June, and on the 14th, the jury gave the following verdict: "We find the defendant, on the plea of limitations, not guilty." And he was discharged.