## MERSHON ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—Different counts charging felonies may be joined in the same indictment.

SAME.—Every separate count should charge the defendant as if he had committed a distinct offence.

SAME.—*Practice.*—Where an indictment contains more than one count, it is not error to overrule a motion to require the prosecutor to elect on which count he will proceed.

SAME.—*Challenge of Grand Juror.*—Any person under prosecution for crime and in custody or on bail may, before he is indicted, challenge, for good cause, any person returned or placed upon the grand jury.

SAME.—*Plea in Abatement.*—Where a person is not under prosecution for an offence, he cannot be supposed to anticipate that he may be charged with an offence before a grand jury, and in such case he may plead in abatement of the indictment the disqualification of any of the grand jurors who found it.

SAME.—An objection to a grand juror, whether on the ground of incompetency of the juror, or corruption on the part of an officer in selecting and impanelling him, when taken by plea in abatement, must show that the defendant had no opportunity to make the objection by challenge.

SAME.—*Evidence.*—On the trial of an indictment for murder, where the evidence was uncertain as to the name and identity of a man shown to have been a stranger, and shown to have been seen in the locality before, but not after, the night of an affray, in which a person not well identified was stabbed and taken away, apparently in a dying condition, there being no evidence that he was afterwards seen dead or alive, it was not competent to introduce in evidence statements made by said stranger on the day of the alleged murder, but before the affray, as to where he lived, where he had been, where he was going, who were some of his relatives, that he had sold land, that he had lost a large sum of money, which had been restored to him, that he had been intoxicated, etc., neither for the purpose of identifying the man nor to show that the matters stated were true.

SAME.—*Impeachment of Witness who is a Defendant.*—Where, on the trial of a criminal action, the defendant testifies in his own behalf, the State may give evidence to impeach him by showing that his character for truth is bad.

From the Monroe Circuit Court.

*P. C. Dunning, J. F. Pittman, H. M. Gilmore,* and *J. R. East,* for appellants.

*C. A. Buskirk,* Attorney General, *J. W. Tucker,* Prosecuting Attorney, *R. W. Miers, B. E. Rhoades,* and *C. F. McNutt,* for the State.

WORDEN, J.—The appellants and two other persons were jointly indicted for murder in the first degree. There were three counts in the indictment. The first count charged them with the murder of John Moore by cutting, stabbing, and mortally wounding him with a knife, on the 14th of April, 1871. The second count charged them with the murder of a person whose surname was Moore, but whose Christian name was to the grand jury unknown, on the same day, by cutting, stabbing, and mortally wounding him with a knife, metallic knucks, and other deadly weapons to the jurors unknown. The third count charged the defendants with the murder of an adult male person, whose name was to the jurors unknown, on the same day, by beating, striking, bruising, cutting, stabbing, and mortally wounding him with their fists, metallic knucks, a knife, and other deadly weapons.

The appellants moved severally to quash the indictment, but the motion was overruled, and exception taken.

The appellant Cornelius A. Mershon then pleaded in abatement of the indictment, to which plea a demurrer, filed by the prosecuting attorney, was sustained, and exception taken.

The appellants moved the court to require the prosecutor to elect on which count he would put the appellants upon trial, but the prosecutor suggesting that the several counts related to the same transaction, and were intended to meet the various phases of the evidence as it might arise, the court overruled the motion, and the appellants excepted.

The appellants, having pleaded not guilty, demanded to be tried separately from the other parties jointly indicted with them, and thereupon it was agreed that the appellants be tried together, and separate from their co-defendants. The cause as to the appellants was tried by a jury, resulting in a verdict of guilty of murder in the second degree, as charged in the third count of the indictment, and that the defendants be imprisoned in the State's prison for life. Judgment on the verdict, over an unsuccessful motion made by the appellants for a new trial. Exception.

Errrors are assigned:

1. Upon the overruling of the motion to quash the indictment.

2. Upon the ruling sustaining the demurrer to the answer in abatement.

3. Upon the overruling of the motion to compel the prosecutor to elect, etc.

4. In overruling a motion in arrest of judgment; and,

5. In overruling the motion for a new trial.

We may consider the first, third and fourth assignments of error together. It is not contended that the separate counts of the indictment, viewed singly, are not good, nor that either of them, separately considered, is bad. The objections urged may be best stated in the language of the counsel for the appellants. They say:

"One objection to this indictment is, that we think it clearly charges three separate and distinct felonies, or that it charges the killing of *three different persons* with *three kinds of weapons* and in three different *manners* or *modes*."

And again:

"We think the indictment void because of repugnancy. We contend that where one material part of an indictment is repugnant to another, the whole is consequently void."

There is no doubt that different counts charging felonies may be joined in the same indictment. Says Mr. Bishop, 1 Bish. Crim. Proced., sec. 426:

"The introduction of several counts, therefore, which merely describe the same transaction in different ways, can not in general be made the subject of objection, for the defendant can neither demur, apply to the court to relieve him, nor move in arrest of judgment. It seems also to follow from these principles, that every separate count should charge the defendant as if he had committed a distinct offence, because it is upon the principle of the joinder of offences that the joinder of counts is admitted," etc.

If repugnancy between the different counts would be any objection, we see none between the different counts in this indictment. The alleged facts that the appellants murdered

Mershon *et al. v.* The State.

John Moore by cutting, stabbing, and mortally wounding him with a knife, are entirely consistent with the alleged facts that they murdered a person whose surname was Moore, but whose Christian name was unknown to the jury, by cutting, stabbing, and mortally wounding him with a knife, metallic knucks, and other deadly weapons; and all these facts thus alleged are consistent with the allegations of the third count, that the defendants murdered an adult male person whose name was to the grand jury unknown, by the means stated in that count.

It is clear, also, that the court committed no error in overruling the motion to require the prosecutor to elect on which count he would proceed. See, on this point, *McGregor* v. *The State,* 16 Ind. 9; *Griffith* v. *The State,* 36 Ind. 406; *Bell* v. *The State,* 42 Ind. 335.

There is no foundation, in our opinion, for the first, third, and fourth assignments of error.

We come to the second. The answer in abatement alleges that one of the grand jurors, naming him, was subject to various disqualifications, not necessary to be stated here; that he was suggested to the sheriff, but by whom does not appear, and placed by the sheriff upon the jury as talesman, and appointed foreman of that body by the court. Upon an examination of the answer, which is much too long to set out here, we think it fails to show any corruption on the part of the sheriff; but, however this may be, it must be held bad on other grounds.

We have the following statutory provisions bearing upon the question: "No plea in abatement, or other objection, shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption, in which case such plea or objection shall be received." 2 G. & H. 433, sec. 12.

Another provision is as follows:

"Where the sheriff or other officer is guilty of corrup-

tion in selecting or empanelling a grand or traverse jury, it is good cause of challenge to any of the jurors so selected or empanelled." 2 G. & H. 427, sec. 166.

Perhaps these statutory provisions should not. be held to provide for cases of individual incompetency of the grand jurors, in the absence of corruption in their selection.

The first section quoted would seem to contemplate objections to the array in consequence of irregularity in the manner of their selection, and not objections in respect to the competency of the jurors, without regard to the manner of selection.

The next section quoted implies that a juror may be challenged, though individually competent, if the officer placing him upon the jury has been guilty of corruption. This leaves the question still open, how objection shall be taken to individual incompetency of the jurors.

There is no doubt that any person under prosecution for crime may, before he is indicted, challenge, for good cause, any person returned or placed upon the grand jury. *Hudson* v. *The State*, 1 Blackf. 317; *Ross* v. *The State*, 1 Blackf. 390; Whart. Crim. Law, sec. 469.

In the case of *Hardin* v. *The State*, 22 Ind. 347, 351, this court said: "A challenge to the array of a grand jury, we have seen by the statute, may be made, if supported by affidavit, and no doubt challenges to the polls may be made where any of the jurors have not the necessary qualifications. These challenges, however, must be made before the jury are sworn and charged. And where a person is under a prosecution for an indictable offence, whether in custody or on bail, it would perhaps devolve no hardship upon him to require that he should take his objection to the grand jury about to enquire into the offence with which he is charged, or any member thereof, by way of challenge, and not permit him to forego the challenge, and afterwards set up the objection by plea in abatement. But where a person is not under prosecution for an offence, he cannot be supposed to anticipate that a charge may be made against him before the grand jury,

and in such case we think he may plead in abatement of the indictment the disqualification of any of the grand jurors who found it."

Whether the plea in this case be regarded as alleging the incompetency of the juror only, or as alleging corruption on the part of the sheriff, or both together, the objection could have been made by way of challenge; and we think it should have been thus made, unless some reason is shown why it could not have been done. We are not willing to hold that a party charged with a crime may forego a challenge of a grand juror, when he has an opportunity to make it, and afterwards make his objection by plea in abatement. If he fail to make his objection by way of challenge, when he can do so, he should be regarded as having waived it.

There may be circumstances that would render a party under a prosecution unable to make his challenge, as where he is confined in jail, and not brought out for the purpose, and having no attorney, or the means to employ one, or where, without fault on his part, he is ignorant of the objection at the time the grand jury is empanelled. In such cases, it would seem that he should be permitted to make his objection by plea in abatement. But pleas in abatement are not favored in law. No presumptions of fact are allowed in their favor. They must state every fact necessary to their sufficiency. *Hardin* v. *The State, supra; Ward* v. *The State,* 48 Ind. 289.

The plea in this case does not show any reason why the objection was not, or could not have been, made by challenge. We are of opinion, therefore, that it was bad, and the demurrer to it correctly sustained.

This brings us to the last error assigned, the overruling of the motion for a new trial.

On the trial, there was evidence tending to show that a day or two before April 14th, 1871, a stranger came to Bloomington, who was called Moore, but there is some uncertainty as to his Christian name, and, indeed, it was not very well established that his surname was Moore. There was evidence as

to his appearance, age, size, dress, etc. There was no evidence that he was seen after the night of the day mentioned.

There was also evidence tending to show that on the evening of the day mentioned, a person, who was not well identified, was knocked down and stabbed in a saloon in Bloomington, and dragged out of the saloon in a bloody and apparently dying condition. There was no evidence that he was afterwards seen either dead or alive. The evidence tended to fix the crime upon the appellants and others.

This much of the case has been stated thus briefly, in order to show the application of certain evidence given, to which exception was taken by the defendants.

The State gave in evidence, over proper objections made by the defendants and over their exceptions, statements made by the man supposed to have been Moore, at Bloomington, on the day and day before the time of the supposed homicide, as to where he lived, where he had been, where he was going, who were some of his relatives, that he had sold land, that he had lost his pocket-book containing $1,500, but that his landlord at Bloomington had found it and restored it to him, that he had been intoxicated, etc.

The admission of these statements is assigned as one of the reasons for a new trial.

These statements were incompetent as being mere hearsay, and some of them were very material in their character. We can conceive of no purpose in the case for which they could be competent. The evidence could not be competent for the purpose of identifying the man making the statements with the man that was supposed to have been killed, nor for the purpose of showing that the matters stated were true. Nor was it competent for the purpose of identifying the man as he was seen at one time, with himself as he was seen at another. *Cheek* v. *The State*, 35 Ind. 492.

Nor can it be said that, in view of the verdict being on the third count only, the evidence was harmless. There was an effort made throughout the prosecution to show that the man whose statements were given in evidence and the man who

was killed were the same. The jury may have found on the third count, because they did not think it was sufficiently shown what the man's name was, and not because they thought the man killed was another and different man from him whose statements were given in evidence. For the admission of this evidence, the judgment will have to be reversed.

The appellants were introduced and testified as witnesses in their own behalf, and the State offered and gave evidence to impeach them, by showing that their character for truth was bad. There was no error in this. *Fletcher* v. *The State,* 49 Ind. 124.

Questions are made as to the instructions, but we pass them over, as they may not be again given, or if given, any verbal or other inaccuracies in them may be corrected.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk is directed to give the proper notice for a return of the prisoners.