Wright, J.
James Easter, indicted for murder in the first degree, plead in bar that Jabez Eagle, one of the grand jurors who found the indictment, was the nephew of Simon Osman, the murdered man; and hence it is claimed that this grand juror was disqualified.
*543 This plea was demurred to by the prosecuting attorney. The demurrer was overruled and exception taken. The question therefore is, was the grand juror disqualified by reason of his relationship to the person murdered.
The qualifications of grand jurors are thus prescribed (S. & S. 410): They must be “ good judicious persons, having the qualifications of electors and not exempt by law from serving as jurors.”
It is not denied but that the juror in question had all these requisites. By what authority, therefore, shall we add another to those the statute has prescribed V The law has declared that certain qualifications are necessary. Can we go farther, and say* the grand juror must also be no kin to those injured by the accused? A moment’s consideration will show that this would be imposing absurd and impossible conditions. The grand jury do not know who will be accused before them, and if, upon a case being presented in •which an injury7 has been done to some relation of a member of the jury, that member is to be disqualified, it may be necessary to have a new grand jury for every crime committed.
It is not necessary for us now to decide what objections might be raised, as against the grand jury, by challenge before they are impaneled and sworn. The case before ns is upon a plea to an indictment already7 found, and the books seem to hold that the right of objection depends in a great measure upon the time it is made.
In 1 Wharton Crim. Law, sec. 469, it is said to be cause of exception to a grand juror that he has formed and expressed an opinion as to the guilt of a party whose case will probably be presented, but the objection must be taken before, and will not be heard after indictment found. It is so held in People v. Jewett, 3 Wend. 314, where it is said by Savage, C. J., that “ such objection, to be availing, must be made previous to the juror being impaneled and sworn.”
In Tucker’s case, 8 Mass. 286, it was suggested by amicus eurioe, that a grand juror was a neighbor of the accused and had originated the complaint against him, and *544 the suggestion also was made before the juror was sworn. The objection was not, however, sustained by the court.
Commonwealth v. Clark, 2 Brown, was a case where the challenge was allowed before indictment found.
In Illinois, it seems that the common law governs as to the time, manner, or causes for which grand jurors may be challenged. It is there held Musick v. People, 40 Ill. 268), that the right to challenge exists and may be exercised by any person charged with crime, whose case is likely to be made the subject of investigation. In this case the attorney for the accused made a motion to have the grand jury brought to the bar of the court; for the purpose of having it purged of members alleged to have expressed an opinion that defendant was guilty. Before the motion was taken up for hearing, the jury came into court to make presentments. The motion was called up and arguments heard; whereupon the court inquired whether the grand jury had acted in the case, and was informed they had, and were ready to report a bill. Upon this the court overruled the motion, and exception was taken. The court are of opinion, that although there is no doubt as to the right of challenge, yet the time when that right must be exercised, is not so well determined. It is further stated that it does not seem to have been held in England that the expression of opinion by a grand juror that the prisoner was guilty, ■was ground of challenge, and the court incline to the opinion that it forms no ground of challenge, but say that even if it were so, the objection should have been made before the oath was taken.
In State v. Quimby, 51 Me. 895, before arraignment, the defendant made a motion, in the nature of a plea in abatement, to quash the indictment because one of the grand jurors was a postmaster. By the statutes of Maine, certain persons are “exempted from serving as jurors,” among whom are “ all officers of the United States.”- In this case the court holds that statutes of this kind do not disqualify, but simply excuse jurors; that the exemption is a personal privilege, which furnishes no ground of challenge. *545 No point seems to have been made as to the time of the objection being made, or that it was after indictment found.
The same holding is found in State v. Forshner, 43 N. H. 89, where, upon a motion for a new trial, a cause for-exemption was held not to disqualify a grand juror.
In United, States v. White, 5 Cranch, 457, the syllabus is: “That one of the grand jurors who found the indictment had previously expressed an opinion that the defendant was guilty of the offense, is no ground for a plea in-abatement of the indictment.”
“ Exceptions to grand jurors for favor, are only cause for-challenge beforé they are sworn, or before indictment, found, not for a plea in abatement.”
In Indiana, it is permitted to the accused to challenge-members of the grand jury before they are sworn. Jones v. State, 2 Blackf. 476; Hudson v. State, 1 Blackf. 318; Ross v. State, 1 Blackf. 390.
The cases in Indiana limit the right to challenge, to those under prosecution for crime ; but in United States v. Blodgett, 35 Ga. 337, it is held, that grand jurors may be challenged by anyone affected by their finding, and that the right is not restricted to those charged with crime, but may be exorcised by any one who has been warned by the prosecuting attorney that he will be subjected, during the-term, to an indictment.
In The State v. Clarissa, 7 Ala. 58, it is held: “ The grand jury can not be called and required to expurgate themselves-of any supposed interest, or bias, at the instance of one in jail and expecting an indictment to be. preferred against him. Objections to the grand jury must be taken by plea-in -abatement, at. the term at which the indictment is-found.” See also State v. Hughes, 1 Ala. 658.
In Commonwealth v. Smith, 9 Mass. 107, there was a plea in abatement to ,the indictment, averring that one of the grand jurors was a Quaker, and so disqualified. It is held that objections to the personal qualifications of a juror-must be made before the indictment found, and that such. *546 objections may be received from any person who is under presentment for crime, or from one as amicus curice.
Commonwealth v. Parker, 2 Pick. 550, commenting on the preceding case of Commonwealth v. Smith, doubts the proposition that objections to the personal qualifications must always be made before indictment found. 1 Chit. Criminal Law, 307; State v. Hernden, 5 Blackf. 75 ; Thayer v. The People, 2 Dough (Mich.) 417. The questions relating to grand jurors are elaborately discussed by Dillon, J., in State v. Ostrander, 18 Iowa, 438, and also in United States v. William, 1 Dillon C. C. 486. See also 1 Bish. Crim. Jur., secs. 853, 875, and 881, and 1 ’Whart. Crim. Law, sec. 489 et seq.; State v. Reid, 20 Iowa, 414; Breeding v. State, 11 Texas, 257; Glassinger v. State, 24 Ohio St. 206; Meeks v. State, 57 Ga. 329.
In State v. Rockafellow, 1 Hals. 332, it is held that it is a .good plea in abatement to an indictment, that one of the grand jurors by whom the indictment was found, was not a freeholder, as he is directed to be by the act of assembly. In that case the court say : “It is surely proper time, and •certainly early enough, for the accused to except to the •qualifications of the indicters after the bill has been presented against him. He then knows, or can be informed who they are ; he has time to ascertain their qualifications and his own means of proving the exceptions which he may be advised to take; and we are unable to perceive any grounds upon which he can be fairly deprived of his plea to their incompetency.”
And in speaking of the right to challenge, the court say: “No mode is pointed out in which the exception is to be taken, and we consider that as tbe most correct mode which, without being otherwise peculiarly repugnant to the principles or policy of the law, is best calculated to give effect to its humane and salutary provisions. If the mode by challenge is to be adopted, it must necessarily result that nine times out of ten the benefit of a statute, which provides ¡a security for our lives, fortunes, and reputation, by requiring that an indictment shall always be presented by jurors, *547 respectable for their character and standing in society, shall be absolutely lost to the accused, without any actual neglect or default of his own. It frequently occui’s that the accused is altogether ignorant of the complaint when the grand jury is called ; if he should chance to be present he can not be assured that the prosecution will proceed; and, at any l-ate, it would be most extraordinary for him to make his challenges when there is no certainty that his case will come under their cognizance. In most cases of a capital nature the person charged with the offense is actually in confinement, and has not physical capacity to make his challenges ; he is never brought up and confronted with the grand jurors ; nor is he served with a list of the persons who are to compose it. Thus circumstanced, it would be worse than a form — it would be a mockery of law and justice — to compel him to avail himself of exceptions of this kind, or to be considered as forever wmiving every error in the proceedings of the sheriff.”
But in the case of State v. Rickey, 5 Hals. 83, a plea in abatement that two of the grand jury had, before they were sworn, formed and expressed an opinion unfavorable and prejudicial to' the defendant, was held bad on demurrer. The court say that this is “ a challenge to the favor and comes too late. In the case of Col. Burr, the challenges to the grand jurymen were all taken before they were sworn. The case of the State v. Rockafellow, 1 Hals. 343, was not a challenge to the favor; it was matter of principal challenge for want of a leading qualification required by statute ; and, though I subscribe to the doctrine of the court there delivered, and do not see how the court could have done otherwise, upon the facts admitted by the demurrer, it may lead to very inconvenient results, if carried a single inch beyond the precise circumstances of that very case. If such a plea should be traversed, the court might find great difficulty in permitting those very counsels of the grand jury room to be pumped out of witnesses by the force of their authority, which had just before been employed in imposing an oath on each grand juryman to keep secret. And that not to *548 elicit the evidence of a crime, in which public justice was concerned, but to establish a mere irregularity for the purpose of arresting a public prosecution, and when the defendant was as likely to be guilty as if the irregularity had never happened. But without meaning to disturb that case, my impression is that it lias no bearing on the present; and in the absence of all cases,. I find no principle on which to maintain the present plea. But, on the other hand, I find much against it. The matter is a challenge to the polls for favor, which the law always requires to be made before the jury is sworn,, and here it is not made till after he has sworn and acted. If taken at the proper time, it will only remove the juror and allow of another in his place; but, if allowed in this shape, it will invalidate the proceedings of all the other good and unexceptionable men on the jury. If taken at the proper time, the question whether the juror was indifferent or not would have been tried by the triers; but if taken in the form of a plea in abatement, the established mode of trial will be changed for that of a jury of twelve men. It is the most expensive form in which the matter can be presented, and the policy of the law requires it to be done in a summary way. It rna.y be used as an engine of great delay, so as that a new indictment may be impracticable on account of the statute of limitations, before the old one comes to be quashed, and guilty offenders will, if they are-able, seek impunity under it for their crimes, and make it a refuge against public justice, turning it to ridicule and contempt. Finally, there is no such plea as this to be found among the records aud monuments of the law; it is sui generis, not alone without precedent (whereof the books had been filled, if past ages had deemed such matter plead-able), but contrary to all precedents, which are the other way. Such are the reasons as they occur to me at present for adopting the general conclusion that this plea is inadmissible in all its parts.” I
In Doyle v. State, 17 Ohio, 222, it was specially plead to the indictment that one of the grand jury had not the qualifi *549 ■cations of an elector, and this Avas held to be a good plea in bar.
This plea, it will be observed, challenges the competency of the juror to sit at all, in any case, and therein differs from the case at bar, which is simply a challenge to the favor in the particular ease. Of Doyde’s case, however, we are disposed to speak, as did the court in 5 Halsted — the doctrine may lead to inconvenient results if carried a single inch beyond the precise circumstances of the very-case.
It will be observed that the authorities are not entirely uniform on this subject, but we confine our ruling in the present case to the simple proposition that the objection can not be made upon a plea to an indictment, whatever might be properly urged at an earlier stage of the trial.
It is claimed by counsel for Easter that the qualifications of a grand and petit juror are the same. The position is not tenable. Both must have certain things. Both must be good and judicious persons; both must be electors. But there are other requisites for the petit juror not necessary for the other. The various laws on the subject lay doAvn •quite a number of causes for which the petit juror may be challenged. They are too numerous to repeat, but may be found in 1 S. & C.754 ; 66 Ohio L. 307; 68 Ohio L. 4; 69 Ohio L. 11. A brief examination of some of these causes of challenge shows that they can not apply to the members of the grand jury. The first is (69 Ohio Jj. 11), that the party called as a juror was a member of the grand jury Avho found the indictment. It is obvious that this must apply to the petit jury who tries the ease, and no other. The second is, that he has formed or expressed an opinion as to the guilt or innocence of the accused. How can this apply to the grand jury, when they do not know who the accused will be ?
Or, again, that he is related within the fifth degree, to the persons injured. This also presupposes a knowledge on the part of the grand jury who the person injured is.-
Or, again, if these causes apply to the grand jury, when *550 are the challenges for such cause to be made? Who is to make them ? As each case is presented to the grand jury, are the members to be catechised as to their qualifications ?' Suffice it to say, that these causes of challenge lie specifically to the jurors called to try the indictment. Such is the language of the statute.
The oath taken by the members of the grand jury throws-some light upon this question (1 S. & C. 753):
“Saving yourself and fellow-jurors, you shall diligently inquire and true presentment make, of all such matters and things as shall be given you in charge, or otherwise come to your knowledge, touching the present service. . . .. You shall present no person through malice, hatred, or ill-will ; nor shall you leave any person unpresented through fear, favor, or affection, or for any reward or hope thereof.”
This language seems to indicate that the grand juror may be called upon to act in cases both of enemies and friends. If the first, his oath is that neither malice, hatred, nor ill-will shall influence his deliberate and impartial judgment. If the last, no considerations of passion or friendship shall disturb the just discharge of his duties.
The grand jury only presents the charge against an accused person ; it does not try that charge. This is for the petit jury, and it is well enough that they are subject to the variety of challenge above specified ; but as to the grand juror, his qualifications are simply those the statute has-specified.

Exceptions sustained.