## DALE *v.* STATE OF INDIANA.

[No. 24,622.   Filed December 13, 1928.]

*W. A. Thompson*, for appellant.

*U. S. Lesh*, Attorney-General, and *O. S. Boling*, for the State.

TRAVIS, J.—Judgment was rendered against appellant on a verdict of guilty after trial upon a charge of criminal libel. §2437 Burns 1926, Acts 1905, ch. 169, §369.

Appellant predicates error on appeal upon the action of the court in sustaining appellee's demurrer to his plea in abatement, and other errors.

This is the same grand jury upon which an attack was made by Randolph. (*Randolph* v. *State* [1928], *ante* 210, 162 N. E. 656). All of the objections presented by the plea in abatement in the Randolph case are presented by appellant in the case at bar. The objections are based upon the irregularity of the court in appointing jury commissioners and their acts in selecting the grand jury. Upon the authority of the decision in the Randolph case, these irregularities were not sufficient to abate the action.

In the case at bar, appellant, by his plea in abatement, pursued the matter further and alleged that, at the time of drawing such grand jury, the clerk of the court did not enter a list of the names of the persons who were to compose the grand jury, so drawn, upon the order-book of the court and annex his certificate of that fact, as provided by law. §1822 Burns 1926, §1668 Burns 1914. The statutes of this state formerly provided that the clerk should make a record of the panel of the petit jurors as well as of the panel of those who were to compose the grand jury. Under this former act, the array of the petit jury was challenged for the misconduct, neglect or default of the clerk in not having recorded the panel as required by the statute. This court held that such a challenge was well taken and reversed the case for the error of the trial court in overruling the challenge. R. S. 1838, ch. 57, §1, p. 359; *Mitchell* v. *Lickens* (1833), 3 Blackf. (Ind.) 258; *Gardner* v. *Turner* (1812), 9 Johns. (N. Y.) 260; See, also, *Jones* v. *State* (1832), 3 Blackf. (Ind.) 37; *Vattier* v. *State* (1835), 4 Blackf. (Ind.) 73. If such an irregularity on

the part of the clerk in making the record in the order-book of the selection of the petit jury in a civil case is sufficient to abate the trial of the action before such jury, the irregularity would apply with no less force in the selection of a grand jury which inquires into the acts of citizens with the end in view to present the commission of a crime. It is provided by statute explicitly the manner of and the steps necessary in the selection of those who are to be impaneled as the grand jury. Every step necessary to be taken in the administration of the criminal law leading to the presentment of the commission of a crime through the instrumentality of a grand jury is so plain that there is no excuse for not following it implicitly. The action of the court sustaining appellee's demurrer to appellant's plea in abatement was erroneous.

Appellant complains in the same plea in abatement that both jury commissioners who were appointed by the court as such officers were residents of the city of Muncie, and claims that under the statute (§1817 Burns 1926), but one of them might be appointed from the city wherein the court was held. We do not so interpret the statute, the language of which is: "One of whom shall be a resident of the town or city in which the terms of the court shall be held." Appellant had not been recognized to appear at the next term of the circuit court by any magistrate. He was not supposed to anticipate that he might be charged with a criminal offense by an indictment found by the grand jury, from which it follows that he may not be held to have waived a challenge to the array of the grand jury had he known it, and such objection, under those conditions, may be taken by plea in abatement. *Mershon* v. *State* (1875), 51 Ind. 14.

Facts were pleaded in the plea in abatement which show such a condition. Other errors are presented

which occurred at the trial of appellant which it is unnecessary to decide. The action of the court sustaining appellee's demurrer to appellant's plea in abatement was error. The case is remanded to the Delaware Circuit Court, with instructions to overrule appellee's demurrer to appellant's plea in abatement, and for further proceedings.

Judgment reversed.