### McGregor v. The State.

Indictment, charging that one *A.*, on, &c., at, &c., "eight pieces of false, forged and counterfeit coins, each piece thereof resembling, or intended to resemble, and pass for, a genuine piece of the American gold coin, which was then and there current in the said State of Indiana, called a dollar, unlawfully, falsely, and deceitfully did then and there utter, publish, and put off as true and genuine, to one *B.*; he, the said *A.*, then and there well knowing the same to be false, forged and counterfeit, with intent then and there to defraud the said *B.*, contrary to law."

*Held*, that the indictment was sufficient, under the statute.

*Held*, also, that the allegation that the coins passed resembled, *or* were intended to resemble genuine coin, was surplusage ; and hence, though in the alternative, could not vitiate the indictment.

*Held*, also, that though the uttering of counterfeit coin, where it is not taken, would, of itself, constitute an offense, yet where it is taken, the uttering and putting off constitute but a single crime.

( 9 )

Nov. Term,    Felonies belonging to the same class, and growing out of the same transac-
1860.         tion, may sometimes be joined in different counts of the same indictment,
              and without the prosecutor being put to his election.
McGregor      Such joinder is matter of practice for the discretion of the Court, to be
   v.         exercised under an enlightened sense of justice and humanity.
The State.    Where coins of the same kind were passed by another person on the prose-
              cuting witness at the same time, and he is unable to identify those
              received from the defendant, he may produce all the coins to the jury
              and testify that a certain number of them were received from the de-
              fendant.
              The record in this case does not show that there was any error in permit-
              ting the State to prove, in order to show guilty knowledge, that the
              defendant had other counterfeit gold dollars in his possession, without
              producing them or showing notice to the defendant to produce them.
              Circumstantial evidence, to warrant the jury, in a criminal cause, in the
              belief of a fact, must be of a character to produce so firm a belief in the
              mind of a discreet man of the existence of the fact, that he would act
              upon it in the most important concerns.

*Friday,*     APPEAL from the *Hamilton* Circuit Court.
*January 24.*
              PERKINS, J.—Indictment for forgery, containing two counts,
one for making, the other for uttering, false coin. Conviction,
and sentence to the State prison. The case has been argued
with a thoroughness corresponding to its importance. A
motion was made to quash the count for uttering, because it
was in the alternative, but the motion was overruled.

The count charged the defendant with uttering, &c., coun-
terfeit gold coin, at the time current in the State, knowing the
same to be counterfeit, with intent to defraud, &c. This was
sufficient under the statute. 2 R. S., § 32, p. 416. The pleader,
however, further averred, that said counterfeit coin resembled,
or was intended to resemble, genuine coin. On this allega-
tion was based the objection, that the indictment was in
the alternative. But the whole allegation was surplusage,
and informality in it did not vitiate the indictment. The
question of resemblance would come up on the evidence.

It was also claimed that the count was bad for duplicity, in
charging two or three offenses. The count alleges that the
defendant uttered, published, and put off the counterfeit coin;
and it is argued that uttering is one offense, and passing the
coin another. Admit that uttering might, of itself, constitute
an offense where the counterfeit coin was not taken by the

person to whom it was tendered, hence not put off; still, where the coin was taken, hence put off, upon the tender, the entire transaction would constitute but one offense. Every putting off of counterfeit money must include an uttering and tendering, but there may be an uttering and tendering where there is not a putting off. Less than is charged to have been done in this case might constitute a crime; while all that is charged to have been done, being a single act, makes but a single crime. This clearly distinguishes this case from the case of *The State* ads. *Miller*, 5 How. (Miss.) R. 250, where a selling of liquor, and a suffering to be drunk, &c., were charged.

A motion was made to quash the whole indictment, because separate felonies were charged in the separate counts of the indictment. See *Hayworth* v. *The State*, 14 Ind. 590. In that case, it is probable that it might have been more conformable to correct practice, had there been two counts. See Wharton's Prec. of Indictments, 2 Ed., p. 2; R. V. Trueman, 87 C. & P. 727. The general proposition, that separate felonies should not be charged in one indictment, has been asserted in two or three cases without the proper qualification. *State* v. *Smith*, 8 Blackf. 489, and *Engleman* v. *The State*, 2 Ind. 91. If they do not belong to different classes, as murder and forgery, growing out of separate transactions, they may sometimes be joined, without subjecting the indictment to be quashed, or the prosecutor to be put to an election.

"In cases of felony, no more than one distinct offense, or criminal transaction, at one time, should regularly be charged upon the prisoner in one indictment; because, if that should be shown to the Court before plea, they will quash the indictment, lest it should confound the prisoner in his defense, or prejudice him in his challenge to the jury; for he might object to a juryman trying one of the charges, though he might have no reason so to do as to the other: and if they do not discover it till afterward, they may compel the prosecutor to elect on which charge he will proceed. But this is only matter of prudence and discretion which it rests with the judges to exercise, for, in point of law, there is no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same

indictment, against the same offender; and it is no ground either of demurrer or arrest of judgment." Chit. Cr. Law, vol. 1, p. 253 ; see, also, Wharton's Prec. of Indictments, 2 Ed. p. 2 ; 1 Archb. Cr. Law, 95, note.   In *Cash* v. *The State*, 10 Humph. (Tenn.) 111, the Court says : " But it may sometimes be proper to unite in the same indictment different offenses, when they are of the same character, differing only in degree, as in the case of *The People* v. *Rynders*, 12 Wend. (N. Y.) 425, where it was held that a charge for forging a check, and also for publishing it as true, knowing it to be false, were properly united."   Again : " It is matter of practice to be left to the discretion of the Court, to be exercised under the influence of an enlightened sense of justice and humanity."   In the case at bar, the Court did not abuse discretion in refusing to quash.   Had the felonies joined been perjury and larceny, the case might have been different.

At the time *McGregor* passed to the prosecuting witness two one dollar gold pieces, one *Lane* passed to him eight such pieces.   The whole ten were counterfeit, and alike ; but the witness could not specify which two of the ten *McGregor* passed to him, but he produced them all before the jury, and testified that *McGregor* passed to him two of those ten.   We think there was no error in this.

. The Court, as tending to show guilty knowledge, permitted evidence to go to the jury, that the defendant had in possession other gold dollars than those on which the prosecution was based, and that they were counterfeit, without such dollars having been produced, and without notice having been given to the defendant to produce them.   We think the record does not show that there was error in this.   *Stalker* v. *The State*, 9 Conn. 341.   We doubt if they were to be regarded as written instruments, of which contents were to be proved.   *Kirk's Case*, 9 Leigh, 627 ; see *Armitage* v. *The State*, 13 Ind. 441.

Objection is taken to instructions given and refused, but we think, when viewed in connection with the evidence which is in the record, the instructions given fairly covered the case, and that there was, consequently, no error in refusing those not given.   It was clearly proved by direct testi-

mony that the defendant uttered two one dollar gold pieces, as genuine coin, to the person named in the indictment, and received a consideration for them, said person taking them as genuine. It was proved by direct evidence that he had uttered like gold pieces, as genuine, to other persons. It was proved by direct evidence that he had still other like pieces in possession. It was positively proved by the testimony of experts that all of said pieces of coin were counterfeit.

Now, the only fact to be deduced by inference, was the guilty knowledge, as the law would, there being nothing to rebut it, raise the intent to defraud upon the fact of knowingly passing, to an innocent person for a consideration, counterfeit money. The Court told the jury that the passing of the specified pieces must be proved; that it must be proved that they were passed to the person named in the indictment; that it must be proved that the defendant knew, at the time he passed them, that they were counterfeit, and that he intended to defraud, &c. The Court told the jury that each of these facts must be proved beyond a reasonable doubt; that they might be proved by positive or circumstantial evidence, or both; but that where the State had to rely on circumstantial evidence for a conviction, every circumstance necessary to constitute the chain relied upon must be established beyond a reasonable doubt. The Court also told the jury, substantially, that circumstances, to warrant belief of a fact, must be of so conclusive a character as to produce so firm a belief in the mind of a discreet man of the existence of the fact, that he would act upon it as existing in the most important concerns. The jury would understand these instructions as applying, in determining the fact of guilty knowledge. Taking the instructions altogether, and viewing them as applied to the evidence, we think they placed the case fairly before the jury. There is no objection to the instructions upon the direct evidence.

*Wills*, in his Circumstantial Evidence, p. 236, quotes with approbation the following instruction given by Lord Chief Baron *Pollock:* "If the conclusion to which you are conducted be that there is that degree of certainty in the case that you would act upon it in your own grave and important

Nov. Term,
1860.

concerns, that is the degree of certainty which the law requires, and which will justify you in returning a verdict of guilty." See Ind. Dig. p. 361. This, then, is a test of certainty beyond a reasonable doubt.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. R. Pierse* and *Hervey Craven*, for the appellant.

