## GRIFFITH *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Embezzlement and Grand Larceny.*—*Trial.*— Where a defendant is indicted in separate counts in the same indictment for embezzlement and grand larceny, it is not error for the court to refuse to require the State to elect on which count he shall be tried.

SAME.—*Plea of Guilty.*—*Motion to Withdraw Plea.*—Where a plea of guilty had been accepted by the court, and sentence had been pronounced thereon; *Held,* that it was not error to refuse a request by the defendant to withdraw the plea, without any reason stated, made the next morning, and before the record of the proceedings was signed.

SAME.—*Plea of Guilty.*—*Confession.*—*Judgment.*—After a plea of guilty, or a confession of guilt in open court, no finding is necessary, but the judgment follows the plea or confession.

APPEAL from the Marion Criminal Court.

DOWNEY, J. — The appellant was indicted, in separate counts in the same indictment, for embezzlement and grand larceny. In the count for embezzlement he was charged with embezzling one hundred dollars, the property of Richard T. Talbott, John P. Patterson, Joseph A. Moore, and William H. Morrison, on the 15th day of August, 1870. In the count for larceny he was charged with stealing one hundred dollars, the property of Richard T. Talbott, John P. Patterson, and William H. Morrison, on the 15th day of August, 1870. The defendant moved the court to require the State to elect upon which count of the indictment she would put him on trial, which motion the court overruled, and to which ruling the defendant excepted.

On being arraigned, the defendant pleaded that he was guilty, as charged in the indictment, and the court pronounced judgment against him of one dollar fine, and confinement in the state prison for two years. On the next day after the sentence had been thus pronounced, and before the minutes of the preceding day had been read and signed, the defendant, by counsel, in open court, asked leave to withdraw said plea, which was not allowed by the court, and he again excepted. It was not shown, or even stated to the

Griffith *v*. The State.

court, so far as anything appears, that the plea of guilty had been put in by the defendant through any mistake, surprise, or misapprehension of his rights or in relation to the facts of the case.

Three errors are assigned: first, the refusal of the court to compel the State to elect on which count she would try the defendant; second, the refusal to allow him to withdraw the plea of guilty; and third, the pronouncing judgment without a finding that the defendant was guilty, and specifying for which of the crimes he was sentenced.

It is urged by counsel for the appellant, that as embezzlement and larceny are distinct felonies, a count for each cannot be united in the same indictment. It is conceded that they are distinct crimes; but we cannot agree that the consequence contended for follows. We think it proper, where the felonies belong to the same class, and are so nearly alike as embezzlement and larceny, to allow the prosecutor to put into the indictment a count for each. This is but the exercise of a prudent foresight in anticipation of a possible variance in the evidence from the allegations of the indictment. Counts for larceny and receiving stolen goods, which are distinct felonies, are constantly united. So are counts for forgery and uttering the forged instrument, etc. Counts for wholly dissimilar felonies cannot be united, for the reason, we presume, that in this case the object would, at once, appear to be, to convict the defendant of separate and distinct crimes, under the same indictment, and which might tend to confuse him, and place him at a disadvantage in making his defence. But we deem further discussion of this question unnecessary, as it has been settled, we think, by former decisions of this court, against the appellant. *McGregor* v. *The State*, 16 Ind. 9; *Engleman* v. *The State*, 2 Ind. 91; *The State* v. *Smith*, 8 Blackf. 489; 1 Bishop Crim. Proced. secs. 180, 181.

Upon the question as to the correctness of the action of the court in refusing to allow the defendant to withdraw the

plea of guilty, our opinion is that there was no error committed. The court is backward in receiving and recording the plea of guilty from a prisoner, and will sometimes advise the prisoner to plead not guilty and put himself upon his trial. 2 Hale P. C. 225. But after the prisoner has pleaded guilty to the indictment, and his plea has been received, and the sentence of the court pronounced, we know of no authority for holding that, upon the naked request of his counsel, on a subsequent day of the term, the prisoner may withdraw his plea of guilty. The fact that the record is not read and signed by the judge until the next morning, does not make any change in our mind on this subject. The theory is that the acts of the court are reduced to writing by the clerk as the cause progresses. The object to be accomplished in reading the minutes on the next day is to ascertain that they have been correctly entered by the clerk. The parties cannot say that they are not bound by what has been done by the court, merely because the minutes have not yet been read and signed. The statute simply declares that "no process shall issue on any judgment or decree of the court until it shall have been so read and signed." 2 G. & H. 9, sec. 22. Had the defendant shown that by inadvertence or mistake he had pleaded guilty, the court would, doubtless, have retraced its steps, and allowed him to withdraw his former plea and plead otherwise to the indictment. 2 Bishop Crim. Proced. sec. 465. We do not say that the court might not have granted the request without any showing, or that it would have been error to have done so.

It is claimed that the judgment should be reversed, because the record does not show that the court found the defendant guilty. Upon a plea of guilty, or actual confession in open court, the court has nothing to do but to fix the amount of punishment and render judgment or sentence accordingly. There is nothing for the court to find. The prisoner, by his confession, has made a finding unnecessary. The court may take the prisoner at his word, and proceed accordingly. Mr. Blackstone, in his Commentaries, says:

Griffith *v.* The State.

"The other incident to arraignments, exclusive of the plea, is the prisoner's actual confession of the indictment. Upon a simple and plain confession, the court hath nothing to do but to award judgment; but it is usually very backward in receiving and recording such confession, out of tenderness to the life of the subject; and will generally advise the prisoner to retract it, and plead to the indictment." 4 Bl. Com. 329. In the case under consideration, as we have seen, the defendant confessed that he was guilty, as charged in the indictment; that is, that he was guilty of the embezzlement and larceny charged in the indictment, not of one or the other, but of both. There remained no uncertainty as to what it was of which he was guilty.

The punishment for embezzlement, as prescribed by statute, is a fine of not less than one, nor more than five hundred dollars, and imprisonment at hard labor in the state prison, not less than two nor more than twenty years; that for grand larceny is a fine of not exceeding double the value of the goods stolen, imprisonment in the state prison not less than two nor more than fourteen years, and disfranchisement and incapacity to hold any office of trust or profit for any determinate period.

The sentence of the defendant in this case was that he pay a fine of one dollar and be imprisoned in the state prison for the term of two years. Nothing having been said about the disfranchisement of the defendant, and his being rendered incapable of holding any office of trust or profit for any period of time, which is an indispensable part of the punishment for grand larceny, it would seem to be reasonably certain that the criminal court intended to sentence the defendant under the count for embezzlement, and not under that for larceny.

The court could not have intended to render one common judgment on both counts, punishing the defendant for both crimes, for the reason that the punishment imposed is no more than the minimum punishment for the crime of embezzlement. It is probable that the court might, upon the

confession of the whole indictment, have rendered a separate judgment upon each count, against the defendant.

But in this, as in other cases, when two sentences of imprisonment in the state prison are pronounced against the same person, his time as to both would be going on at the same time, and he would be entitled to his discharge at the end of the longest term. *Miller* v. *Allen*, 11 Ind. 389. It will hardly be contended, we presume, that the prisoner can successfully object that the punishment imposed was less than might legally have been inflicted. It is probable that the learned judge of the criminal court regarded the counts of the indictment as based on the same transaction, and that, losing sight of the count for larceny, he sentenced the defendant alone on the count for embezzlement. The judgment was fully justified by the indictment and the confession of the defendant, and we cannot disturb it. 1 Bishop Crim. Proced. secs. 857, 858, *et. seq.*

The judgment is affirmed, with costs.

PETTIT, J. (dissenting)—The indictment against the appellants contained two counts, one for embezzlement and one for grand larceny. On being arraigned, the defendant demanded that the state should be required to elect upon which count the trial should proceed. This request was overruled and proper exception taken. The record shows the following, after the appearance of the parties: "And (the defendant) being arraigned upon the above indictment, for plea thereto says that he is guilty as charged therein. It is therefore considered that the defendant for the offence by him above committed do make his fine unto the State of Indiana in the sum of one dollar, and that he be confined in the state prison for a term of two years, and that he pay the costs of this prosecution."

Before the minutes were signed by the judge, the defendant moved the court for leave to withdraw his plea of guilty, which motion was overruled; and the defendant excepted to this ruling. There was no finding that the defendant was

guilty as charged, or that he was guilty of embezzlement and grand larceny, or either of them, but only a judgment that he be fined and imprisoned in, etc.

First. Should the court have allowed the defendant to withdraw his plea of guilty? The right of trial by jury is secured by the constitution of the State, and this right is inviolate and inviolable until the defendant has waived it of record, so as that the record shall become of binding force, and so as to operate as an estoppel; and this cannot be so until the minutes are read in open court and signed by the judge. Until these are done, the minutes may be said to be in solution, not solid, unsettled, and not of binding force as a record, and a party's rights are not precluded or settled thereby; hence the defendant had a right to withdraw his plea of guilty and plead not guilty and demand a jury trial.

In this case it was imperative on the court to allow the withdrawal, because the plea did not specify the count to which it was intended to apply. The indictment charged two distinct offences or felonies in separate courts, and to give to the plea such certainty as would authorize a judgment, it should have stated the offence of which defendant confessed his guilt; and the court should have found him guilty of that offence, and rendered judgment on the finding. The accused confessed himself guilty of embezzlement or larceny, and the judgment fails to ascertain the crime for which the party is convicted. This court, in an able and thoroughly considered opinion, and again on petition for rehearing, has held that larceny and embezzlement are distinct offences, and that the act creating and providing for the punishment of the latter was intended to punish as a crime that which was not by our law before punishable. *Smith* v. *The State*, 28 Ind. 321.

The punishments of the two offences are widely different. The conviction on a charge of larceny could not authorize a judgment for embezzlement, nor a conviction on a charge of embezzlement warrant a judgment for larceny. Upon the indictment and plea there was no basis upon which the court could legally fix the measure of punishment. It was

as if no plea of any kind had been put in, and the court should have ordered, on its own motion, a plea of not guilty entered, as provided by statute. 2 G. & H. 413, sec. 98. This plea could have no greater force than a verdict of a jury in the same form, and surely it cannot be contended that the court could have rendered judgment on a verdict in this case which might have been returned in this form: "We, the jury, find the defendant guilty as charged in the indictment."

Our code must govern our criminal practice, instead of precedents in other states or in England.

I have already noticed the double character of the indictment; but I will proceed to examine it in relation to the joinder of distinct felonies in the same indictment, and whether the motion to require the prosecution to elect upon which count he would go to trial should have been sustained.

Our code, 2 G. & H. 405, sec. 72, provides, that upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty, as to the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offence.

Section 73, 406, provides that in all other cases the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged.

Section 74, 406, provides that counts for murder in the first and second degree and for manslaughter may be joined in the same indictment, and on the trial the defendant may be convicted of either offence.

These are the only provisions that relate to the joinder of counts in an indictment, and they are only express enactments of what was held and practiced before the code, and they were intended to cover our whole law on the subject, but they do not authorize the joinder of counts charging distinct felonies.

In England and in some of the states, it is held under their

statutes that counts for these two offences may be joined, but in every instance where these rulings have been made, the statutes defining embezzlement either declare it should be deemed larceny and punished accordingly, or that it should be punished as larceny. Not so with our act in relation to embezzlement. It fixes a different penalty from that prescribed for larceny, and expressly enacts that there was not at the time of its passage, December 21st, 1865, any law punishing the offence of embezzlement. 3 Ind. Stat. 256.

If these counts may be joined and the defendant compelled to go to trial on both, why not join counts for perjury and larceny, and indeed, counts for all the crimes and offences known to our law, and compel the defendant to go to trial on them? It seems too plain to require or admit of further discussion. Reference to all the statutes on this subject, both English and American, may be found in 2 Archbold's Criminal Practice and Pleading, 560.

I think that the court erred in not requiring the prosecutor to elect on which count he would put the defendant on trial, and in not allowing the defendant to withdraw his plea of guilty, and in rendering the judgment on the plea without a finding of guilty.

*J. Hughes, S. A. Huff, S. E. Perkins, F. J. Mattler* and *S. E. Perkins, Jr.,* for appellant.

*B. W. Hanna,* Attorney General, *J. S. Duncan, H. C. Guffin,* and *J. R. Carnahan,* for the State.