## J. H. HUTCHINSON v. THE STATE.

1. An indictment for bribery, under Article 1870 of Paschal's Digest, charged the defendant, a road overseer, with letting out and giving to one T. a contract to repair a certain road, upon condition and with the express understanding and agreement, that the said T. should pay to the defendant one-half of all profits made under the contract. *Held*, to be insufficient; the indictment should have charged specifically that the defendant accepted a bribe.
2. An offer to accept a bribe is not punishable as a crime, under the laws of this State.
3. In order to constitute the crime of bribery, the gift, advantage, or emolument must be bestowed for the purpose of inducing the officer to do a particular act, in violation of his duty, or as an inducement to favor, or in some manner to aid the person offering the same, or some other person, in a manner forbidden by law (Paschal's Digest, Article 1874); and the gift, advantage, or emolument must precede the act. (Paschal's Digest, Article 1875.)

APPEAL from Washington.   Tried below before the Hon. J. M. Onins.

The defendant was indicted in the District Court of Washington county for bribery.   The indictment charged the defendant with accepting a bribe, in that he, as road overseer of Washington county, let out and gave to one Tarver a contract to repair and do all necessary causewaying on the public road leading from the court house in Brenham to the county line on the wire road, on or before the 1st day of April, 1872, for which the said Tarver was to receive the sum of sixteen hundred dollars, by draft on the county Treasurer of Washington county, to be paid out of the general road fund, on condition and with the understand-

ing and agreement that the said Tarver would give and pay to the defendant one-half of the profits made on the contract.

The defendant moved to quash the indictment:

*First*, because it did not appear from the face of the indict-. ment that any offense defined by, known to, or punishable by the law of the State had been committed.

*Second*, because it did not sufficiently allege that any bribe was accepted, or in what said bribe consisted.

*Third*, because the indictment did not sufficiently allege that the bribe charged to have been accepted was for the purpose of influencing the action of defendant in his official capacity, and because the indictment was in other respects too general, vague, and uncertain.

The motion to quash was overruled, and the defendant was, on the trial of the case, convicted, and his punishment assessed as two years' confinement in the penitentiary. Motion for a new trial being overruled, defendant excepted and gave notice of appeal, assigning for error the rulings of the court.

*Breedlove & Ewing*, for the appellant.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J.   The first assignment of errors in this case is well taken, for several reasons.   The indictment is vague and uncertain, and fails to charge any offense against the laws of this State; and the court erred in not sustaining the exceptions to the same.

The indictment was drawn under Article 1870, Paschal's Digest, and the pleader attempted to charge the defendant with accepting a bribe; but the indictment wholly fails to make any such charge specifically, and only charges him with offering to receive a bribe. This is not an offense punishable as a crime under the law.

Again, in order to constitute the offense attempted to be charged, the gift, advantage, or emolument must be bestowed

for the purpose of inducing the officer to do a particular act in violation of his duty, or as an inducement to favor, or in some manner aid the person offering the same, or some other person, in a manner forbidden by law. (Paschal's Digest, Article 1874.) This is necessary in order to constitute the crime of bribery, and it should therefore be alleged distinctly in the indictment. And yet the indictment may be literally true, and yet the very act he is charged with doing may have been directly in accordance with his duty, and even commanded by the law.

And again, Article 1875, Paschal's Digest, declares that, in order to constitute the crime of bribery, the gift, advantage, or emolument must precede the act, and this should be charged in the indictment; but that instrument alleges most definitely that the defendant was to receive no gift, advantage, or emolument, until some future and indefinite day.

And finally, the indictment fails to show that the defendant did, or could, at any time receive any gift, advantage, or emolument for doing the act with which he is charged. There are other fatal defects in the indictment which need not now be noticed, and as the indictment fails to charge any offense punishable under the law, the judgment is reversed and the cause dismissed.

Reversed and dismissed.