## BELL *v.* THE STATE.

PRACTICE.—*Grand Jury.*—*Impanelling.*—Under the act of March 10th, 1873, p. 158, regulating the convening of grand juries, where the record of a criminal action showed that the court met on the 24th of March, 1873, and the grand jury was impanelled on the 2d day of the term, it was presumed that they had been summoned pursuant to an order of the judge or prior to the approval of the act. The act did not prohibit the impanelling of a grand jury previously summoned.

CRIMINAL LAW.—*Motion to Quash Indictment.*—A motion to quash an indictment cannot prevail unless the defect is apparent on the face of the indictment.

SAME.—*Indictment.*—*Larceny of Property of A. and of B.*—An indictment may charge a larceny of A.'s property in one count, and of B.'s in another count, at the same time and place, where the character of the property is such that it may have constituted one offence and a conviction of one might be a bar as to the other.

SAME.—*Omission in Verdict.*—*Motion for a New Trial.*—The question as to an omission in a verdict to fix the disqualification of holding an office of trust and profit can not be raised by a motion for a new trial.

APPEAL from the Switzerland Circuit Court.

OSBORN, C. J.—The appellant was indicted, tried, and convicted for grand larceny, in the Switzerland Circuit Court, at its March term, 1873, and, over motions for a new trial and in arrest of judgment, was sentenced in accordance with the verdict. A motion to quash the indictment was also made and overruled. The motions were made at the proper time and in their proper order, and exceptions were also properly taken. A bill of exceptions was filed during the term of the court, setting out the evidence given on the trial.

The errors assigned are:

1. In overruling the motion to quash the indictment.

2. In overruling the motion for a new trial.

3. In overruling the motion in arrest of judgment.

The appellant predicates his motion to quash on two grounds.

1. That the grand jury was not summoned and impanelled according to law.

2. That two offences are improperly included in the indictment.

An act of the General Assembly, approved March 10th, 1873, Acts 1873, p. 158, provides, that no grand jury shall be summoned to appear at any term of a circuit court unless as therein provided. The second section provides, "that whenever the judge of a circuit court shall deem it necessary that a grand jury shall sit in any county of his circuit, it shall be his duty to make an order requiring the clerk to issue a venire for such jury to appear on such day as may be named in the order, and such venire shall be for the jury drawn and selected for the term as is now provided by law; *Provided*, that the grand jury shall be convened at least twice in every year in each county." The objection is, that it does not appear that the grand jury was summoned in pursuance of an order of the judge of the court.

In *Wilson* v. *The State, ante*, p. 224, this court held that when the clerk has issued a venire for a jury, returnable on a day named, under an act of the General Assembly, approved March 7th, 1873, Acts 1873, p. 103, in the absence of any thing showing the contrary, we would presume that it was issued under an order of the judge. In this case, the record shows that the court met on the 24th of March; that the grand jury was impanelled on the second day of the term; and we must presume that they had been summoned in pursuance of an order of the judge, or that they had been summoned prior to the approval of the act. The act does not prohibit impanelling a jury summoned before its enactment. Its language is, "that hereafter no grand jury shall be summoned to appear at any term of a circuit court unless as provided in this act."

A motion to quash an indictment cannot prevail, unless the defect is apparent on its face. 2 G. & H. 414, sec. 101; *Bellair* v. *The State,* 6 Blackf. 104; *The State* v. *Herndon,* 5 Blackf. 75; *The State* v. *Freeman,* 6 Blackf. 248. In this case the court, on p. 249, says: "A reason given for quashing the indictment was, that there was a defect 'in drawing

and impanelling the grand jury that found the bill.' To have made this reason sufficient, the irregularity in impanelling the jury, should have been made to appear by plea. In this case there was no plea, nor agreement of parties by which the facts were spread upon the record. A motion to quash must be founded upon defects apparent on the record. In this case, the indictment appears regular on its face, and it is not shown how the court became informed of the defect complained of." The authorities are uniform on this question, and we do not consider it necessary to add to those already cited.

The indictment contains two counts, one charging the appellant with stealing a horse, the property of John Warman, the second charging him with stealing a saddle and bridle, the property of John C. Warman. In each count the property alleged to have been stolen is stated to be of the value of more than five dollars. The counsel for the appellant say, that " each count of the indictment contains a charge of a separate and distinct felony, as different as though one was a larceny and the other perjury. The property in the first count is the property of John Warman, and in the second count, the property of John C. Warman, two different persons in the same indictment;" and they cite *McGregor* v. *The State*, 16 Ind. 9. In that case, it was held, that where separate felonies are charged in one indictment, "if they do not belong to different classes, as murder and forgery, growing out of separate transactions, they may sometimes be joined, without subjecting the indictment to be quashed or the prosecution to be put to an election." And the judge in delivering the opinion remarked that the general proposition, that separate felonies should not be charged in one indictment, had been asserted in two or three cases without the proper qualification. And a quotation is made from 1 Chit. Crim. Law, 253, approving the doctrine that the joinder is a matter of prudence and discretion resting with the judge to exercise. The reason given why two or more felonies

ought not to be joined in the same indictment is stated to be, that the prisoner shall not be confounded in his defence, or prejudiced in his challenge of the jury. *Young* v. *The King*, 3 T. R. 98. " But," said BULLER, J., on page 106, " these are only matters of prudence and discretion." I Chit. Crim. Law, 253; *Griffith* v. *The State*, 36 Ind. 406.

It is said that an indictment ought not to include a count charging the larceny of property of A. in one count and of B.'s property, at a different time, in another. But we have seen no case holding that because an indictment charged a larceny of A.'s property in one count and a larceny of B.'s property in another, it would be quashed. There is nothing in the indictment showing that the taking of the property was at different times. The time and place are the same in both counts, and the property is of such a character that it might have been taken at the same time, and thus really constitute but one offence, so that a conviction for the larceny of one would operate as a bar to the other. In *Jackson* v. *The State*, 14 Ind. 327, it was held that the omission, in an indictment for stealing horses, to include saddles and bridles stolen at the same time, was no variance, but that the defendants could not be thereafter prosecuted for stealing them; that the prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime.

The court committed no error in overruling the motion to quash.

The motion for a new trial is based upon two grounds, the insufficiency of the evidence, and a defective verdict. We have read the evidence, and feel satisfied that it sustains the verdict.

The verdict is supposed to be defective because it omits to disqualify the appellant from holding office. Without deciding whether that is such a defect as he can take advantage of when the verdict is otherwise good, we must overrule the motion for that ground, because the defect cannot be reached by a motion for a new trial. The only way to

reach it is by a motion for a *venire de novo.* The precise, question was decided in *Marcus* v. *The State,* 26 Ind. 101.

The counsel for the appellant state in their brief, that the same reasons and authorities apply in the motion in arrest of judgment as in the motion for a new trial; and concurring with them, we deem it unnecessary to go over the ground again or to add to what has been already said. *Hoskins* v. *The State,* 27 Ind. 470. If the court had rendered judgment disqualifying him from holding office, it would have been erroneous. *Wilson* v. *The State,* 28 Ind. 393.

The judgment of the said Switzerland Circuit Court is affirmed, with costs.

*H. A. Downey,* and *G. W. Mendell,* for appellant.

*J. C. Denny,* Attorney General, for the State.