## Short *v.* The State.

CRIMINAL LAW.—*Change of Venue from County.—Judicial Discretion.*—The granting or refusing of a motion by the defendant in a criminal case for a change of venue from the county is a matter within the sound discretion of the court.

SAME.—*Burglary with Intent to Commit Larceny.—Indictment.—Value of Goods.*—An indictment for burglary with intent to commit a larceny need not aver the value of the goods which the defendant is alleged to have intended to steal.

SAME.—*Petit Larceny a Felony.*—Petit larceny is declared by the statute of this State to be a felony.

SAME.—*Indictment for Burglary and Larceny.—Election by State.—Judicial Discretion.—Verdict.—Acquittal.*—The defendant in an indictment containing one count charging burglary, and another charging larceny, moved the court to compel the State to elect upon which count trial should be had, whereupon the prosecuting attorney stated to the court, that both counts related to the same transaction, and that he meant to convict of one felony only, and thereupon the motion was overruled, trial had, and a verdict returned finding the defendant guilty of burglary.

*Held,* that, under the circumstances, it was within the discretion of the court to overrule the motion.

*Held,* also, that the verdict, being silent as to the charge of larceny, acquitted the defendant on that count.

*Same.— Inspection of Article Stolen.—Magnifying Lens.—Evidence.*—One of the articles claimed to have been stolen by the defendant in such case was a gold ring bearing a certain inscription, and on the trial a gold ring found in the defendant's possession after the burglary, and claimed by the State to be the one stolen, was exhibited to the jury who were allowed to inspect it through a magnifying lens, to ascertain, whether or not such inscription had been on and removed from the ring.

*Held,* that this was not error.

*Same.—Return of Verdict.—Failure to Poll Jury.*—Where, on the return of a verdict against the defendant in the presence of himself and his counsel, he fails to ask that the jury be polled, he can not avail himself of an omission by the court to cause a poll of the jury to be made, without also showing, that, in fact, some of the jury were then absent.

*Same.— Omission of Name of State's Witness from Indictment.— Continuance.* —The fact that the name of a witness before the grand jury is not placed upon the indictment is not ground for striking out evidence given by him as a witness on behalf of the State, on the trial of the cause ; the only effect of such omission being to prevent the State from obtaining a continuance on account of his absence.

From the Tippecanoe Circuit Court.

*J. L. Miller* and *M. W. Miller,* for appellant.

*T. W. Woollen,* Attorney General, *J. L. Caldwell,* Prosecuting Attorney, and *A. W. Caldwell,* for the State.

PERKINS, J.—Indictment against William Short, containing two counts; one for burglary, the other for larceny.

Trial; conviction of the appellant of burglary, with a punishment affixed of imprisonment for a term of seven years in the penitentiary, and a fine of five hundred dollars, the verdict being silent as to the larceny.

A motion for a new trial was denied.

The following is a copy of the assignment of errors :

" 1. The court erred in overruling the appellant's motion for a change of venue ;

" 2. The court erred in overruling the appellant's motion to quash the indictment ;

" 3. The court erred in overruling the appellant's motion to compel the prosecutor to elect upon which count of the indictment he would try the appellant;

" 4. The court erred in overruling the appellant's motion for a new trial;

" 5. The court erred in overruling the appellant's motion in arrest of judgment."

We proceed to examine and decide upon the alleged errors:

1. The change of venue from the county was a ruling to be made or refused, in the sound discretion of the court. It does not appear that an unsound discretion was exercised. *Mershon* v. *The State*, 44 Ind. 598.

2. Attorneys for appellant say: " The point relied on in the motion to quash the first count of the indictment is, that there is no value given to the goods; in all other cases, we believe, where the act is done with intent to commit a felony, the particular felony intended must be set out and described with as much certainty as if the indictment had been to charge the party with a felony intended to be committed." The attorneys insist, as we understand them, that petit larceny is not a felony, and that therefore, as the value of the goods is not stated, a felony is not shown.

But it is enacted, 2 R. S. 1876, p. 419, sec. 13, that " Crimes which may be punished with death or imprisonment in the State's prison, shall be denominated felonies, and all other offences against the criminal law, shall be denominated misdemeanors."

The crime of petit larceny is a felony, by the above section. It is defined, and its punishment prescribed, in the felony, not in the misdemeanor, act. It was so in the code of 1843, p. 963, sec. 16, and in that of 1852.

The following is the act of March 3d, 1877:

" AN ACT to amend sections 19 and 20 of an act entitled

'An act defining felonies, and prescribing punishment therefor,' approved June 10th, 1852.

"[Approved March 3d, 1877.]

" SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That section nineteen of the above entitled act be and the same is hereby amended so as to read as follows, to wit : Section 19. Every person who shall feloniously steal, take and carry, lead or drive away the personal goods of another, of the value of fifteen dollars or upwards, shall be deemed guilty of grand larceny, and upon conviction thereof, shall be fined not exceeding double the value of the goods stolen, be imprisoned in the state-prison not less than two nor more than fourteen years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.

" SEC. 2. *And be it further enacted,* That section twenty of the above entitled act be, and the same is hereby amended so as to read as follows, to wit : Section 20. Every person who shall feloniously steal, take and carry, lead or drive away the personal goods of another, of the value of any sum less than fifteen dollars, shall be deemed guilty of petit larceny, and upon conviction therefor shall be fined not exceeding five hundred dollars, be imprisoned in the State's prison not less than one nor more than three years, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period, or fined and disfranchised and rendered incapable of holding any office of trust or profit, and imprisoned in the jail of the proper county for any determinate period of time, not exceeding one year " Acts 1877, Reg. Sess., p. 63.

Petit larceny is a felony by our statute. Hence, it was not necessary, in this case, that the first count in the indictment should have alleged the value of the goods intended to be stolen. *Hunter* v. *The State,* 29 Ind. 80.

3. It was in the discretion of the court, under the circumstances of this case, to compel, or otherwise, the prosecutor to elect on which count of the indictment he would prosecute the appellant. *McGregor* v. *The State*, 16 Ind. 9; *Griffith* v. *The State*, 36 Ind. 406; *Bell* v. *The State*, 42 Ind. 335; *Mershon* v. *The State*, 51 Ind. 14.

When the motion was made to compel an election, the "prosecutor stated to the court that both counts in the indictment related to the same transaction, differently stated, and that he meant to convict of one felony only." Further, the defendant was acquitted upon the count for larceny, and convicted only upon the count for burglary. The silence of the verdict as to the larceny was an acquittal of that charge.

4. We examine the grounds relied upon in the brief of counsel for a new trial. They were three:

"1. The court permitted the jury to examine with a magnifying, or jeweler's, eye-glass, a ring offered in evidence, to ascertain if there had been an inscription on said ring and then erased by filing."

The indictment in this case was for burglary. The dwelling-house of a Mr. Guthrie, described in the indictment, was broken into in the night-time, during the absence of the family. Only circumstantial evidence could be obtained to identify the individual who committed the act. Among other articles discovered to be missing, on the return of Mr. Guthrie and family to his house, was a ring, the wedding-ring of Mr. and Mrs. Guthrie, with an inscription thereon of the names of the parties, date of marriage, etc. Soon after the burglary was committed, appellant, Short, pawned articles of jewelry, including a ring, to a pawnbroker in Lafayette. If it could be shown that that ring was the wedding-ring of Mr. Guthrie and wife, it would be a circumstance tending to show that the appellant, Short, was the person who entered Guthrie's

house, where said ring was in keeping, the night that the burglary was committed. If the inscription mentioned could be found upon the ring, or a remaining part of it, it would strongly tend to identify the ring, as the Guthrie wedding-ring ; and, if the eye-glass in question augmented the natural power of the eye to discover the inscription, it did that which, in the light of science, it was made for ; and, if it did not, we are unable to perceive that its use could have done any harm.

2. Misdirection by the court of the jury. Appellant's attorneys say : " The charge is long, and contains much of good law ; and, after reading the charge, it is hard to find much fault with it. But we think the charge, in connection with the evidence, is as strong against the defendant as it could well be made."

The charge occupies over nine closely written pages of the record. The attorneys treat it all as one instruction. It is not numbered at all. It is not divided into paragraphs. No exception was taken to any specified part of it. See Bicknell Crim. Prac. 198, et seq.

We have read the charge, and concur with the attorneys, that it " contains much good law," and that " it is hard to find much fault with it." And, upon the statement of counsel, in regard to its merits, we feel relieved of apprehension, that, by omitting to enter upon a tedious search through its pages for the purpose of discovering objectionable points, not definitely located in it by the attorneys, injustice may result to the appellant. We think the allusion to the change of venue was harmless.

" 3. The third cause for a new trial was, that the verdict was contrary to law and evidence."

We can not reverse the judgment on this ground. The verdict is not contrary to law, and is supported by the evidence.

5.   The fifth and last assignment of error is, that the court erred in overruling the motion in arrest.

The statutory grounds for such a motion are:

"*First*    That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court.

" *Second.*    That the facts stated do not constitute a public offence."

The court may also, on its view of any of these defects, arrest the judgment without motion.  Sections 144 and 145 of the code of criminal pleading and practice, 2 R. S. 1876, p. 409.

No ground existed for the arrest of the judgment.

We have examined all the questions presented by the assignment of errors, and, were this a civil cause, we should not feel under obligation to proceed further.  But so defective is the criminal code of practice, that the court must go beyond it, to secure justice to the parties in criminal cases.  See Bicknell Crim. Prac. 235.

We proceed to consider other objections made.

The court received the verdict of the jury, without the names of the jurors being first called.  The bill of exceptions states, that the jury " returned into court, and the court propounded the question, ' Have you agreed upon a verdict ? ' and, receiving an affirmative reply, the verdict was then received and read by the court, without first calling over the jury, to ascertain if they were all present, and that the names of the jury were not called over either before or after the verdict was received, but were discharged by the court as soon as the verdict was read.  The defendant, however, had an opportunity to poll the jury, if he had desired to do so; and the fact being that the court knew by observation, that the jury were all present and in their places when the verdict was received, and the de-

Short *v*. The State.

fendant was personally present, and also by counsel, when the verdict was received."

·It is enacted, by section 115 of the code of criminal pleading and practice, that, "When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge. Their names must then be called, and if all appear, their verdict must be rendered in open court. If all do not appear, the rest must be discharged without giving a verdict, and the cause must be tried again at the same or next term."

Section 160 of the same code is as follows : "On an appeal the court must give judgment, without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

According to the bill of exceptions taken by the defendant (appellant), he did not claim, and does not now, that the jury by whom he was tried were not all in the box, and they alone, when the verdict was returned and received by the court. Such being the fact, no harm could have happened to the appellant by the failure to call the names of the jurors, and this point will be controlled by section 160, *supra*.

It is urged, that the testimony of a witness for the State, named Rosenzweig, should have been struck out, because he had been a witness before the grand jury, and his name was not upon the indictment. The only consequence of this omission was, that the State could not have obtained a continuance on account of his absence from the trial. Bicknell Crim. Prac. 54; 2 R. S. 1876, p. 375, sec. 18.

Other points are made, but are not pressed in argument, and we think the rulings upon them were correct

The judgment is affirmed, with costs.

Petition for a rehearing overruled.