13,409.

## GLOVER *v.* THE STATE.

CRIMINAL LAW.—*Accepting Bribe.*—*Indictment.*—*Sufficiency of.*—An indictment which charges that the defendant was a township trustee, and *ex officio* trustee of a school township; that as such trustee it was his duty to contract for, purchase and furnish to the school township, for its use, furniture, materials and supplies; that while holding said office he unlawfully, feloniously and corruptly accepted from one P. the sum of $3,500 in money as a bribe and to influence him, the said defendant, in the discharge of his official duties, and that he was influenced as such officer, by the acceptance of said sum of money, to enter into a contract with said P. for the purchase from him, in behalf of and for the use of such school township, of a large amount of school furniture, material and supplies, to the amount, price and value of $10,000, is sufficiently explicit under section 2009, R. S. 1881.

SAME.—*Immaterial Averments.*—In such case the *gravamen* of the offence is the acceptance of money to influence the official action of the defendant in contracting for and purchasing the supplies, and an averment in the indictment as to the amount, quality or description of the property contracted for or purchased, is entirely unnecessary.

SAME.—In such case an allegation in the indictment, that the person giving the bribe did so with the intent of inducing the defendant to do some act to favor and aid such person, is unnecessary, it being an immaterial question as to whether the giver of the bribe was profited or not.

SAME.—*Township Trustee.*—*Bribery of.*—*Defence.*—In a prosecution against a township trustee, *ex officio* trustee of a school township, under section 2009, R. S. 1881, for accepting a bribe to influence him in his official action, and for entering into a contract for supplies in pursuance of such bribe, it is no defence that such contract was void and not enforceable against the township.

SAME.—*Indictment.*—*Duplicity.*—*Motion to Quash.*—When, from an inspection of the indictment, it is not certain that different and distinct felonies, which can not be joined, are charged in the different counts, a motion to quash, on account of duplicity, should be overruled.

SAME.—*Election by Prosecuting Attorney.*—*When not Required.*—*Discretion of Trial Court.*—The question as to whether or not the prosecuting attorney should be required to elect and designate the count of the indictment upon which he will proceed, is a matter largely in the discretion of the trial court, and when it is not apparent on the face of the indictment that different and distinct offences, which can not be properly joined, are charged, an election should not be required.

SAME.—*Evidence.*—*Admissions.*—On the trial of a defendant charged with having accepted a bribe, as trustee of a school township, and with having been influenced thereby to make purchases of school supplies, etc., in payment of which township warrants were by him issued, where an admission of the defendant is proved, that a certain letter received by him as such trustee, from a third party, contained a correct list of township warrants issued by him, and that they were so issued and delivered, in consideration of money received by him, such letter is admissible in evidence.

SAME.—*Evidence.*—In such case it is not material whether the money was paid over to the defendant before or at the time he entered into the contract, or issued the warrants. It is sufficient if he received the money afterwards in pursuance of a prior arrangement and agreement.

INSTRUCTIONS TO JURY.—*Signature of Party.*—*Practice.*—It is not error to refuse to give instructions to the jury, which are not signed by the party asking them.

From the Fountain Circuit Court.

*G. W. Paul, J. E. Humphries* and *W. M. Reeves,* for appellant.

*T. F. Davidson* and *H. H. Conley,* Prosecuting Attorney, for the State.

ZOLLARS, J.—Appellant was township trustee, and *ex officio* trustee of the school township. He was convicted upon a charge of having accepted money as an inducement and bribe to enter into a contract, as such trustee, for the purchase of school furniture and supplies, for the use of the township. There were, originally, seven counts in the indictment.

The court sustained a motion to quash as to the fifth, and overruled it as to the others. That ruling is assigned as error. The objections urged, in argument, are not to any particular count, but to each and all, upon the assumption that if one of them is bad, all are bad, and that if one is good, all are good.

Adopting that assumption as being correct, we pass to the objections to the indictment, specifically pointed out. This prosecution, as indicated by the indictment, is based upon section 2009, R. S. 1881. The first portion of the section makes it a crime for any person to corruptly give, or offer to

give, to any State or other officer, any money or valuable·
thing to influence his action in any matter pending, or that
may legally come before him. The latter portion is, in sub-
stance, that whoever, holding any office of trust or profit un-
der the laws of this State, solicits or accepts any such money
or valuable thing, to influence him with respect to his official
duty, or to influence his action in any matter pending, or
that may legally come before him, shall, upon conviction
thereof, be imprisoned in the State prison, etc.

It is charged in the indictment, that appellant was a town-
ship trustee, and *ex officio* trustee of the school township;
that as such trustee, it was his duty to contract for, purchase,
and furnish to the school township, for its use, school furni-
ture, materials and supplies; that on the 5th day of Septem-
ber, 1885, while holding the office of trustee of the school
township, and acting as such, he unlawfully, feloniously, and
corruptly, accepted from one Pollard the sum of $3,500 in
money as a bribe, and to influence him, appellant, as such
trustee, in the discharge of his duties as such trustee, and
that he was influenced, as such trustee, by the acceptance of
the money, to enter into a contract with said Pollard for the
purchase from him, in behalf of, and for the use of the school
township, of a large amount of school furniture, material and
supplies, to the amount, price and value of $10,000.

As we understand the brief of appellant's counsel, three
objections, and only three, are urged to the indictment. The
first is, that there is no statement of the kind of furniture
purchased; that the terms of the contract are not specifically
stated; that, hence, it is not shown how or wherein appel-
lant was bribed, or influenced; and that it does appear that
he was not improperly influenced, because the furniture, etc.,
contracted for, was worth all he gave, or agreed to give, for it.

It is not particular as to the kind of property purchased.
The purchase of the property is not the gravamen of the
offence, as defined by the statute.

It is entirely immaterial as to the amount, quality, or de-

scription of the property contracted for and purchased. That which the statute prohibits, and declares to be a crime, is the soliciting or accepting of money or other valuable things by the trustee to influence him with respect to his official duty, or to influence his action in any matter pending, or that may legally come before him.

It is not a crime for a trustee of a school township to purchase school furniture for, and on behalf of, the corporation; but it is a crime to accept money to influence him to enter into such a contract, or make such a purchase.

The vital charge presented by the indictment, to be met by appellant, was, that he had accepted money to influence his official conduct.

If he could meet that charge he would overthrow the case against him. And to enable him to meet that charge, it was not necessary that he should be furnished with a detailed list of the articles contracted for and purchased, nor that he should be informed of the specific terms of the contract. He may have paid the full amount in cash, out of the township funds; he may have issued certificates of indebtedness, payable at different times, or he may have purchased the articles with a warrant; but, manifestly, none of these supposed terms or conditions could be important or material to him in preparing for or making his defence. Nor does it make any difference that the furniture, etc., contracted for or purchased, was of the value agreed upon. It may be as great an injury to the township to purchase a large amount of furniture, etc., not needed, as to pay for a proper amount more than it is worth.

Did appellant accept the money to influence his official action, in contracting for, and purchasing the furniture, etc.? That is the question to be settled. If he did, he is guilty under the statute, without regard to the particular articles of the purchase or the terms of the contract.

We may as well notice here an argument urged as a reason why the motion for a new trial should have been granted. It

is argued, that because the contract for the purchase of the furniture is not shown to have been in writing, it must be assumed that it was not; that not being in writing, under the statute of frauds, it could not be enforced, and that, therefore, appellant could not be guilty of the crime defined by the statute, upon which this prosecution is based.

It is not material whether the contract entered into could have been enforced against the township or not.

If it was already executed, and the amount paid out of the township funds, of course it could not be material whether or not the contract was in writing. Nor could it be material in any event. The question is not whether appellant entered into a contract binding upon the township, but whether he accepted the bribe.

If he did, he can not be heard to say that the contract was not enforceable against the township. If he did, he is guilty of the crime defined by the statute. *Shircliff* v. *State*, 96 Ind. 369; *State* v. *McDonald*, 106 Ind. 233; *Woodward* v. *State*, 103 Ind. 127.

It is insisted, in the second place, that the indictment is bad, because it is not specifically averred therein that Pollard gave the money to appellee, with the intent of inducing him to do some act to favor and aid him, Pollard. We do not think such an averment is necessary.

The case of *Hutchinson* v. *State*, 36 Texas, 293, cited by counsel, is not authority here, for the reason that the case arose under a statute very different from that upon which this prosecution rests.

From all the facts stated in the indictment before us, the inference is irresistible, that Pollard, or some one for whom he was acting, was to, and did, profit by the arrangement with appellant.

Such an inference is not material or important here, nor is it essential that aid or profit to Pollard, or those for whom he may have acted, should be charged. It is a crime under the statute for a township trustee to solicit or accept money

to influence his official conduct, whether those from whom it is solicited or received are profited or not. The indictment is not as specific and formal, in some respects, as the rules of good pleading require, but, taken as a whole, the offence is charged, substantially, in the language of the statute, and plainly enough informed appellant of the crime with which he was charged. R. S. 1881, sections 1755, 1756; *State* v. *Anderson*, 103 Ind. 170, and cases there cited; *Myers* v. *State*, 101 Ind. 379, and cases there cited; *Malone* v. *State*, 14 Ind. 219; *Marble* v. *State*, 13 Ind. 362.

It is finally contended, in the third place, that the motion to quash should have been sustained, because different counts in the indictment charge distinct and different offences.

In one of the counts, it is charged that appellant accepted $3,500 from one Pollard, and was induced by such acceptance to contract with him for, and purchase from him, school furniture, etc., for the township.

In another count, it is charged that appellant accepted from one Davis the same amount of money, and by such acceptance was induced to contract for, and purchase from him, the same amount of school furniture.

The dates, the amounts accepted, and the amounts of the school furniture, etc., are the same in each count. The difference is, that where the name of Pollard is used in some of the counts, the name of Davis is used in others.

It is not certain, from an inspection of the indictment, that the several counts do not, in different modes, charge the same offence, growing out of the same transaction. There are, doubtless, cases where the court will, and ought to, quash an indictment, where different and distinct felonies, and such as can not be joined, are charged in different counts of an indictment. But those are cases where it is made certain from an inspection of the indictment, that different and distinct felonies, which can not be joined, are charged in different counts, and that the same offence is not charged in the several counts in different modes.

Whether or not an indictment will be quashed for the reason that different felonies are charged in different counts, is much in the discretion of the court, for the reason that it is often difficult to determine from an inspection of the indictment, whether such distinct and different felonies are so charged; for the reason that the prosecutor may inform the court in advance that but one offence is charged, and that he will ask a conviction for but one crime; for the reason that the court may compel the prosecutor to elect upon which count he will proceed, and for the reason that the court has the case within its control, and may compel the prosecutor to elect, after the evidence may have developed the fact that the felonies charged in different counts are different and distinct, and such as can not be joined in one indictment. See *Long* v. *State,* 56 Ind. 182 (26 Am. R. 19); *Mills* v. *State,* 52 Ind. 187; *Griffith* v. *State,* 36 Ind. 406; *Bell* v. *State,* 42 Ind. 335.

In the case last above cited, the statement was approved, that the joinder is a matter of prudence and discretion, resting with the judge to exercise. See, also, *McGregor* v. *State,* 16 Ind. 9; *Gandolphc* v. *State,* 33 Ind. 439.

Mr. Bishop, in his work on Criminal Procedure, volume 1, at section 425, says: " When the court, on seasonable application, deems that the due order of judicial proceedings, or the interests of a party, will be prejudiced by the multiplicity or ill joinder, it will in its discretion quash a count or the whole indictment, or order separate trials on the counts, or compel the prosecutor to elect on which one he will ask for a verdict, as the exigencies of the particular case and the time and· manner of making the objection may render most suitable. The fact that the court will interfere to prevent an abuse of the right of joining counts is the justification of the various expressions in the books to the effect, that such or such a joinder is permissible and such another not." See, also, 1 Bishop Crim. Pro., section 446, *et seq.*

In the case of *Hamilton* v. *People,* 29 Mich. 173, in speak-

ing of a misjoinder in an indictment, and a motion to quash on that ground, it was said: " Such a motion is addressed to the discretion of the court. It ought to be granted where the confusion is such that it is likely to interfere with the means of defending, by misleading or perplexing the prisoner in meeting the case or preparing for trial. But when the court can prevent any mischief, as it usually can, by confining the proof to the single transaction, * * * on which the prosecution has opened the testimony, or by compelling an election in the outset, no wrong is done by the refusal to quash. We do not hold that, under our statutes, requiring a motion to quash in lieu of a motion in arrest or to save a ground of error, such a motion is always discretionary. But such a motion for misjoinder appears to be discretionary. 1 Bishop Crim. Proc., section 447 ; *The King* v. *Kingston,* 8 East, 41."

In the case of *McGregg* v. *State,* 4 Blackf. 101, this court quoted with approval the following, taken from an opinion by Justice BULLER: " On the face of an indictment, every count imports to be for a different offence, and is charged as at different times. And it does not appear on the record, whether the offences are, or are not, distinct. But if it appear before the defendant has pleaded, or the jury are charged, that he is to be tried for separate offences, it has been the practice of the judges to quash the indictment, lest it should confound the prisoner in his defence, or prejudice him in his challenge of the jury. * * * But these are only matters of prudence and discretion. If the judge who tries the prisoner, does not discover it in time, I think he may put the prosecutor to make his election on which charge he will proceed." See *McGregor* v. *State,* 16 Ind. 9 ; *Engleman* v. *State,* 2·Ind. 91 ; *Maynard* v. *State,* 14 Ind. 427.

Inasmuch as the prosecutor may be put to an election as to which count he will ask a conviction upon, it seems reasonable that in no case should an indictment be quashed because of misjoinder, unless it clearly appears, upon the face of the indictment, that different and distinct crimes are

charged in different counts, which can not be joined in the same indictment; and unless the prosecutor declines to elect, and manifests a purpose to insist upon a conviction upon each count.

In the case before us, it can not be definitely determined by an examination of the indictment, that different and distinct crimes, which may not be joined in the same indictment, are charged in the different counts.

It can not be determined from such an examination, that the statements in the different counts are not simply different modes of statement, to meet the possible proof. And for aught that appears from the record, the prosecutor may have announced to the court in advance, that he should confine his proof to but a single transaction, out of which the crime charged arose. In short, the record does not show that the action of the court below, in overruling the motion to quash,. in any way prejudiced the rights of appellant.

It is further contended by appellant, that he requested the court to require the prosecuting attorney to elect and designate the count of the indictment upon which he would proceed, and that the court refused the request, to his prejudice. Here, again, the record shows nothing which makes it apparent that the court should have granted the request, and required such an election on the part of the prosecuting attorney.

In the first place, it does not appear that distinct and different crimes, that might not have been joined in the same indictment, are charged in the different counts.

In the second place, whether or not such an election will. be ordered, is a matter largely within the discretion of the trial court.

In the case of *McGregg* v. *State, supra*, it was said : " Where there are two or more counts for apparently distinct felonies, as there legally may be in many instances, it can not be a matter of course, as the plaintiff in error contends it is, for the defendant to compel the prosecutor to elect on which single count he will go to trial. If that were the case,. it would at

once render nugatory the established and legal practice of inserting several counts in an indictment for felony. There could be no possible use in inserting several counts, if the defendant could, in effect, have them all but one struck out of the indictment. The truth is, the different counts in an indictment for felony, are usually drawn with a view to one and the same transaction; and the object of inserting several counts is, that some one of them may be found, on the trial, to be in accordance with the evidence. * * It sometimes happens, no doubt, that the prosecutor's object in inserting several counts, is really to prosecute the defendant for *separate* felonies by means of one indictment. This he has no right to do, and when it is ascertained before the trial that he intends to do it, the court will defeat his design. But to enable the defendant to defeat the prosecutor's intention of trying him for separate offences, it lies upon the defendant to show the existence of such an intention. It was the want of proof of such intention which prevented the prisoner, in the case before us, from obliging the prosecutor to elect upon which of the counts in his indictment he would rely. The prisoner rested his motion on the single fact, that there were several counts in the indictment; but that circumstance was no evidence, of itself, that the prosecutor's object was to prove separate offences. * * * It does not appear by the record before us, that the court was furnished with any information, independently of the indictment, that separate offences were to be tried."

We have quoted thus copiously from the above case, because what was there said is applicable and pertinent here. See, also, *Short* v. *State*, 63 Ind. 376; *Snyder* v. *State*, 59 Ind. 105; *Bell* v. *State*, 42 Ind. 335; *Engleman* v. *State*, 2 Ind. 91; *State* v. *Dufour*, 63 Ind. 567; Moore Crim. Law, sections 189, *et seq.*, and cases there cited; 1 Bishop Crim. Pro., section 455.

There is another reason why appellate courts should not be swift to reverse judgments in criminal cases on account of

a refusal by the trial court to put the prosecutor to an election, and that is, that that court may, when justice requires it, compel an election after it may be developed by the evidence that the different counts in the indictment charge different and distinct offences, which can not be joined in the same prosecution. *Long* v. *State*, 56 Ind. 182.

There was no error in overruling the motion to quash, and the motion for an order upon the prosecutor to elect to proceed upon some particular count of the indictment.

The evidence too shows clearly, that the purpose was to charge but a single offence in different modes, and that appellant was prosecuted but for a single offence. The whole record shows too, that he was in no way injured by the refusal of the court to quash the indictment on account of the different modes in which the crime was charged, nor by the refusal of the court to order an election by the prosecutor.

What we have said, disposes of some of the questions argued by counsel as having been presented by appellant's motion for a new trial.

It is urged that there was no evidence that appellant received $3,500, as an inducement to enter into a contract for the purchase of $10,000 worth of school furniture. It is not material whether he received the exact amount of $3,500, nor that he contracted for exactly $10,000 worth of school furniture. As we have before stated, the gravamen of the offence defined by the statute is the receiving of money by an officer to influence him with respect to his official duty.

The evidence is abundant, that appellant received from Pollard $3,000, and, in consideration therefor, issued orders against the township for thousands of dollars, as for school furniture, and for which the township received but little, if any, consideration, and that some of the orders passed into the hands of Davis. Having received the money as a bribe, and having violated his official duty in consideration thereof, appellant is guilty of the crime defined by the statute, whether

any furniture was furnished to the township or not.    He is not in a very favorable position to contend that he shall go acquit, because it is not shown that the township received value for the fraudulent debts which he contracted through bribery and official dishonesty.

Over appellant's objections, the court admitted in evidence a letter from Davis Bros., of Chicago, to him, as township trustee, asking him whether he had signed certain warrants against the township, giving a list, with the dates, amounts, and when due, and requesting an answer to be endorsed upon the statement, and that, as thus endorsed, the statement should be returned.

That paper, in connection with the testimony of the witness Bingham, was competent evidence.

One of the questions in the case was, whether appellant had done any official act in consideration of the money received from Pollard.

The paper or letter from Davis Bros. contained a list of township warrants issued by appellant as township trustee, amounting to about $9,000.

That statement appellant showed to Bingham, and told him that it was a correct statement of the orders he had issued and delivered to Pollard, and that they were so issued and delivered in consideration of the money he had received from Pollard.

The paper was competent evidence, not as a statement from Davis Bros., but because appellant adopted the statement of the warrants thereon as his statement of the warrants which he had dishonestly issued.

Appellant, through his counsel, also contends that the court below erred in allowing the witness Bingham to testify to the contents of a written contract between him and Pollard, for the purchase of $2,200 worth of school furniture.

For the testimony of the witness as to the contents of the contract, we are referred to the record, from page 56 to page 159, with the statement that "the contract spoken of by the

witness forms a large part of the evidence." This reference and statement, with the further statement that the witness was allowed to give the contents of the contract, is the sum of the argument upon the alleged error of the court in admitting the testimony.

No particular page or pages of the record are pointed out, where the objectionable evidence may be found. Neither the brief, upon the alleged error, nor the reference to the record, is in compliance with the rules of this court. As counsel have not referred us to any particular page or pages, where the objectionable testimony may be found, we assume that they do not regard it as of much importance.

It is still further contended by appellant's counsel, that the court erred in refusing instructions asked by appellant. This contention is met by counsel for the State with the contention on his part, that there is no available error in the refusal, because the instructions were not signed by appellant or his counsel.

The instructions do not appear to have been so signed, and hence we can not disregard the contention of counsel for the State, without disregarding the statute and former decisions by this court based upon and construing the statute. R. S. 1881, sections 533, 1823; *Chicago, etc., R. R. Co.* v. *Hedges*, 105 Ind. 398; *Hutchinson* v. *Lemcke*, 107 Ind. 121; *Beatty* v. *Brummett*, 94 Ind. 76.

The objections made to the first instruction given by the court are, that therein the court told the jury that appellant was charged with having accepted money from Pollard to influence his, appellant's action, in relation to issuing certain orders of the township. It is said by appellant's counsel, that in one of the counts he was charged with having received the money from Davis, and that, therefore, the instruction is erroneous. It is difficult to see how appellant could be injured by an instruction which limits the scope of the charge against him. It is true, that it is not charged in terms in the indictment, that appellant accepted the money

to influence his action in relation to issuing township orders, but it is charged that he received it as a bribe to influence him in the discharge of his official duty as township trustee, and to influence him to enter into a contract for the purchase of school furniture.

The jury had the indictment before them, and it can not be said that the instruction, in connection with other instructions given by the court, misled the jury as to the issue to be tried. And if it was shown by the evidence, that appellant accepted the bribe from Pollard, to influence him to issue fraudulent township warrants, on the pretence of purchasing school furniture, he might be convicted under the indictment charging him with having accepted the money to influence his official action, and to influence him in making a purchase of school furniture.

As we have before stated, the important thing, and the gravamen of the offence, is the accepting of the money to influence his official action. It was not material that the money should have been paid over to appellant before he entered into a contract, or issued the warrants. It plainly enough appears from the evidence, that if the money was not received by appellant before or at the time the arrangement was made between him and Pollard, it was received very soon thereafter, and in pursuance of their arrangement and agreement.

We are satisfied from an examination of the whole record, that the case was fairly tried, and that, considering the case as made by the evidence, the jury were very lenient with appellant in fixing his imprisonment at but two years.

It is very clearly a case where the judgment should not be reversed upon technical errors.

Judgment affirmed.

Filed Feb. 5, 1887.